# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2013

Lyle W. Cayce
Clerk

No. 12-30638
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEO F. HAYMOND, III,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-92-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Leo F. Haymond, III, appeals the sentence imposed for his guilty plea conviction for distributing cocaine base. Haymond was sentenced to 63 months of imprisonment and three years of supervised release. He contends that the district court erred by considering his arrests in imposing an upward variance and that the sentence was substantively unreasonable.

Sentences are reviewed for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commits a significant procedural error by "selecting a sentence based on erroneous factors." *United States v. Harris*, No. 11-10997, ___ F.3d ___, 2012 WL 6097442, at *2 (5th Cir. Dec. 10, 2012). Since Haymond did not object to the district court's consideration of his arrests, our review is for plain error. *See United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010).

To show plain error, Haymond must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

For the arrests that the district court specifically mentioned at sentencing, the PSR described the charges, date, arresting agency, and disposition of each arrest, described for some of the arrests the facts underlying the charges based on the offense reports, and explained for some of the arrests that the charges were dismissed at the victim's request. Haymond did not object to the factual accuracy of the portion of the PSR describing these arrests nor offer rebuttal evidence. Accordingly, the factual recitations in the PSR of his conduct underlying these arrests had sufficient indicia of reliability, and the district court did not err by considering them at sentencing. *See Harris*, 2012 WL 6097442, at *4.

Even if the district court erred, Haymond has not met his burden of showing that his substantial rights were affected. When the district court formally imposed sentence, it did not mention the arrests and, instead, cited the under-representation of Haymond's criminal activity and repeated parole violations. *See Williams*, 620 F.3d at 495-96. Haymond's arguments that the district court mistakenly believed that he had been convicted of the offenses underlying the specifically-mentioned arrests and that the Government agreed

that he should be sentenced within the guidelines range are not supported by the record.

Even if Haymond's substantial rights were affected, he does not address at all whether the alleged error affected the fairness, integrity, or public reputation of judicial proceedings. Thus, he has failed to demonstrate that he has satisfied the fourth prong of plain error review. *See id.* at 496.

Haymond devotes one sentence of argument to substantive reasonableness. This claim of error is waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.