**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2013

No. 12-51088
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ASTORGA SAMANIEGO, also known as Jesus Samanigeo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-293-3

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesus Astorga Samaniego appeals the 235-month sentence imposed following his guilty plea to conspiring with nine others from September 2010 until September 28, 2011, to possess with intent to distribute five kilograms or more of cocaine. Samaniego argues that there was no evidence to support the findings in the presentence report (PSR) and adopted by the district court that his role in the offense was that of a manager or supervisor and that at least 50 kilograms of cocaine were attributable to him. He raised objections to these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings in the district court but did not present any rebuttal evidence. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

We review for clear error the district court's factual findings underlying its decision to apply a guidelines enhancement and review de novo the application and interpretation of the Guidelines. *United States v. Chon*, 713 F.3d 812, 821 (5th Cir. 2013), *petition for cert. filed* (July 9, 2013) (No. 13-50). The district court's findings as to Samaniego's role in the offense and the amount of drugs attributable to him are plausible in light of the record as a whole, and there is no clear error. *See id.* Accordingly, the district court did not err in applying the three-level increase for Samaniego's role in the offense, *see* U.S.S.G. § 3B1.1(b), or in applying the base offense level applicable to offenses involving at least 50 kilograms of cocaine, *see* U.S.S.G. § 2D1.1(c)(2).

AFFIRMED.