# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNOLD TROY CRAYTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-160-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON:[*]

Arnold Troy Crayton, federal prisoner # 29092-177, appeals the sentence imposed following his guilty plea conviction of possession with intent to distribute marijuana. At sentencing, the district court found, in accord with the presentence report (PSR), that Crayton's offense involved an estimated 308 pounds, or 139.70 kilograms, of marijuana, resulting in a base offense level of 26. Crayton argues, first, that the district court reversibly erred when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined, for sentencing purposes, that the offense involved an estimated 308 pounds, or 139.70 kilograms, of marijuana.  He argues that he should only be held responsible for approximately 50 pounds of marijuana, which is what he admitted to possessing in a factual resume.  He contends that there is insufficient evidence in the PSR to support the district court's drug quantity determination.  In his second point of error, he asserts that his sentence is substantively unreasonable, and that the district court plainly erred in imposing a 60-month within-guidelines sentence in light of his objections to the 308-pound drug-quantity determination.

This court reviews "the district court's legal interpretation of the Sentencing Guidelines de novo and factual findings for clear error." *United States v. Brooks*, 681 F.3d 678, 712 (5th Cir. 2012).  The district court's determination of drug quantity for purposes of sentencing is a factual finding that will be upheld unless it is not plausible in light of the entire record. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013); *see also United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).  "When making factual findings for sentencing purposes, district courts 'may consider any information which bears sufficient indicia of reliability to support its probably accuracy.'" *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Solis*, 299 C.3d 420, 455 (5th Cir. 2002)).  Generally, the information contained in the PSR "bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).  "When faced with facts contained in the PSR that are supported by an adequate evidentiary basis with sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are 'materially

untrue, inaccurate or unreliable.'" *Harris*, 702 F.3d at 230 (quoting *Huerta*, 182 F.3d at 364-65).

Although Crayton objected to the probation officer's drug quantity determinations, he did not present any evidence to rebut the findings made in the PSR and the addendum to the PSR. Specifically, he did not rebut the probation officer's determination that the 308-pound estimate was conservative, based on reliable information that Crayton received 100 pounds of marijuana on a weekly basis for distribution, as well as the fact that 52 pounds of marijuana, plus wrappings from an additional 256 pounds of marijuana, were found in his home. Given the lack of rebuttal evidence, the district court did not err in relying on the information furnished by the probation officer. *See Alaniz*, 726 F.3d at 619. The district court's finding that the offense involved 308 pounds of marijuana is plausible in light of the entire record. Accordingly, the district court did not clearly err in determining that Crayton's offense involved an estimated 308 pounds of marijuana and, thus, warranted an offense level of 26. *See id.* at 618.

Crayton also argues that the district court plainly erred in sentencing him to 60 months in prison in light of his objections to the drug quantities. Because Crayton did not object to the substantive reasonableness of his sentence in the district court, plain error review applies. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To demonstrate plain error, Crayton must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Crayton fails to demonstrate any error, much less clear or obvious error. His only apparent complaint seems to be that the district court erred in holding him responsible for 308 pounds of marijuana. He does not otherwise allege any specific failure in the district court's consideration of any sentencing factor.

No. 14-10292

There is no evidence that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His dissatisfaction with the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See id.*

AFFIRMED.