# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10643
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM FRANK HUFFMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-51-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In challenging the sentence imposed following a guilty plea-conviction for possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), William Frank Huffman contends the district court erred in assessing a two-point offense-level enhancement.

Huffman's pre-sentence investigation report (PSR) recommended, *inter alia*, the enhancement for "possess[ion] of a dangerous weapon (including a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

firearm)" in conjunction with his drug offense. *See* U.S.S.G. § 2D1.1(b)(1). Huffman objected, asserting:  the .22 caliber pistol found at his house was a smaller caliber than firearms normally associated with drug transactions; and the pistol was found unloaded and holstered.  In response, the probation officer prepared a PSR addendum, noting:  the caliber of a firearm is irrelevant for purposes of the enhancement; and Huffman failed to reference the other 27 firearms found at his residence.

At sentencing, Huffman's daughter testified that he was a gun collector, and the pistol was hidden in a locked box at the back of a closet.  The district court:  overruled Huffman's objections; adopted the PSR and addendum; and sentenced him to 180 months' imprisonment.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A two-level enhancement is warranted if "a dangerous weapon (including a firearm) was possessed" in conjunction with a drug offense.  U.S.S.G. § 2D1.1(b)(1).  "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* at cmt. n.11(A).

A factual finding is at issue.  "When making [such] findings for sentencing purposes, district courts may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States*

No. 15-10643

*v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks omitted) (quoting *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002)). A PSR generally has such indicia of reliability; therefore, in determining whether the enhancement was supported by the record, the court was entitled to rely upon the PSR's factual recitations, unless Huffman met his "burden of demonstrating that the PSR [was] inaccurate". *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013) (quoting *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009)).

Huffman asserts the enhancement was based on his possession of the .22 caliber pistol, which he contends is "the smallest caliber pistol made", and was unloaded and inaccessible to him. In applying the enhancement, however, the court found Huffman possessed that weapon *and* 27 other firearms. Huffman does not assert in his brief that the court erroneously relied on the 27 other firearms in imposing the enhancement, and has therefore waived any challenge to that decision. *See, e.g., United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

AFFIRMED.

3