# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CALEB SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-214-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Caleb Smith appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. Smith contends that the district court should have held him accountable only for the amount of methamphetamine that was recovered from his person (29.6 grams on February 26, 2015) and in his presence (119.5 grams

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found in the vehicle he was driving on March 3, 2015), or such amounts that were properly corroborated.

This court generally reviews a district court's finding regarding the applicable drug quantity for clear error and will affirm the finding as long as it is plausible in light of the record as a whole. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "[T]he district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *United States v. Hinojosa*, 749 F.3d 407, 415 (5th Cir. 2014) (internal quotation marks and citation omitted).

The district court had to find that Smith was responsible for at least 150 grams of "methamphetamine actual" in order to find that his base offense level was 32. *See* U.S.S.G. § 2D1.1(c)(4) (150 to 500 grams of "methamphetamine actual"). The district court based its factual findings concerning the drug quantity on the information in the Presentence Report (PSR) obtained from reports by the Weatherford Police Department and Drug Enforcement Administration Officers Kevin Brown and George Courtney. The PSR determined that Smith should be held accountable for 373.6 grams of "methamphetamine actual," including (1) 103 grams of "methamphetamine actual" seized from the vehicle Smith was driving on March 3, 2015,[1] (2) 7 grams of methamphetamine that Smith supplied to John Galbreaith prior to February 26, 2015, and (3) 280 grams of methamphetamine, which was an estimate based upon admissions by Smith's codefendant, Lezli Owens, that she had previously purchased up to 10 ounces (280 grams) of methamphetamine a day from her supplier and that Smith had been present on several occasions when she obtained the methamphetamine; the 287 grams of

---

[1] The 119 grams of methamphetamine seized from the vehicle was determined to be 103 grams of "methamphetamine actual."

methamphetamine was then reduced to 270.6 grams of "methamphetamine actual" using an average purity rate of 94.3 percent.

The district court did not clearly err in determining that Smith was responsible for at least 150 grams of "methamphetamine actual." Smith did not present any evidence at the sentencing hearing to demonstrate that the drug quantity was "materially untrue, inaccurate or unreliable." *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). In the absence of such rebuttal evidence, the district court did not err in adopting the facts in a PSR without further inquiry because the facts were based on police reports which had "an adequate evidentiary basis with sufficient indicia of reliability." *See United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002). Because the drug quantity is plausible in light of the record as a whole, the district court did not clearly err in finding that Smith was responsible for at least 150 grams of "methamphetamine actual," resulting in a base offense level of 32. *See* § 2D1.1(c)(4). *See Betancourt*, 422 F.3d 240 at 246.

In addition, Smith contends that the district court erred in giving considerable weight to his prior arrest for transporting chemicals with intent to manufacture a controlled substance. Because Smith did not raise this issue in the district court, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). At sentencing, the district court focused primarily on Smith's extensive criminal history. The district court expressly stated that it was considering Smith's prior arrest for burglary of a building but no other arrests for unadjudicated offenses. Therefore, Smith has not shown that the district court committed any error, plain or otherwise. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).

AFFIRMED.