# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50691
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
April 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER BARRIOS-GRANDE, also known as Chino, also known as Enrique Barrios,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-340-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Walter Barrios-Grande pleaded guilty to possession with intent to distribute cocaine and to being an illegal alien in possession of a firearm. He appeals only the 121-month sentence imposed on the drug conviction, contending that the district court clearly erred in holding that he was accountable for six kilograms of cocaine based on six empty,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilogram-sized wrappers, which contained cocaine residue.  They were found in the stash house that he guarded and in which he lived.

We review a district court's finding regarding the applicable drug quantity for clear error and will affirm the finding as long as it is plausible in light of the record as a whole.  *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).  We may base drug estimates on "any information that has a sufficient indicia of reliability to support its probable accuracy, including a probation officer's testimony, a policeman's approximation of unrecovered drugs, and even hearsay."  *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted).

Barrios-Grande has not shown that the district court clearly erred in finding that he was responsible for six kilograms of cocaine based on the six empty wrappers.  The presentence report and sentencing testimony from a local detective, who was present at the raid on the stash house, established that (1) the stash house was used by a major cocaine distributor, (2) Barrios-Grande was a long-standing participant in the illegal drug activities that took place in the stash house and had distributed kilogram-sized packages of cocaine to a confidential informant (CI) in the past, (3) the CI observed 30 kilograms of cocaine in the stash house the month before the raid, and (4) Barrios-Grande was present in the house just before the wrappers were discovered.  He did not present any evidence at the sentencing hearing to demonstrate that the drug quantity was "materially untrue, inaccurate or unreliable."  *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).  The district court's finding that Barrios-Grande was responsible for six kilograms of cocaine was "plausible in light of the record as a whole."  *Betancourt*, 422 F.3d at 246.

No. 17-50691

We note that the record reflects a clerical error in the written judgment with respect to the sentence imposed on the firearms charge. The district court sentenced Barrios-Grande to 120 months on that charge at sentencing, but the written judgment incorrectly reflects that the sentence imposed was 121 months. *See* 18 U.S.C. § 922(g)(5); 18 U.S.C. § 924(a)(2). We therefore remand solely for correction of the written judgment in accordance with Federal Rule of Criminal Procedure 36.

AFFIRMED;   LIMITED   REMAND   FOR   CORRECTION   OF JUDGMENT.