# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2018

Lyle W. Cayce
Clerk

No. 17-50184
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TAWUAN STEWART, also known as Gator,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-68-19

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tawuan Stewart appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute cocaine. He contends that the district court clearly erred in finding that he was accountable for .5 ounce of cocaine case. Because Stewart objected to the district court's finding in the district court, this court reviews the finding for clear error. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's calculation of the drug quantity involved in an offense is a factual finding that is entitled to considerable deference. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

The district court did not clearly err in finding that Stewart was responsible for the .5 ounce of cocaine base. *See id.* The Presentence Report (PSR) provided that the drug quantity attributable to Stewart was based on information obtained from a case agent which the agent obtained from intercepted cellular telephone communications between Stewart and his codefendant, Elias Mendoza, between July 7, 2015, and September 3, 2015. The PSR identified each telephone conversation by date and by a specific number, listed the amount of drugs involved in each telephone conversation, and provided that Stewart was responsible for a total of 10.5 ounces of powder cocaine and at least .5 ounce of cocaine base. At the sentencing hearing, the Government stated that the probation officer's assessment of .5 ounce of cocaine base was based on the telephone conversation that took place on July 30th. The Government stated that it had a witness at the sentencing hearing who could testify concerning this telephone conversation and confirmed that the telephone conversation was recorded. Stewart's counsel did not present any rebuttal evidence but argued that Stewart did not intentionally deal in cocaine base.

The PSR had sufficient indicia of reliability to be considered as evidence by a sentencing judge because it was based on information that a case agent obtained from recorded cellular telephone conversations between Stewart and Mendoza. *See Gomez-Alvarez*, 781 F.3d at 796. Stewart had the burden to prove that the information concerning the disputed drug quantity was

No. 17-50184

"materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). Because he did not present any evidence to show that the evidence in the PSR was unreliable, the district court was entitled to adopt the facts contained in the PSR without further inquiry. *See id.* Further, the district court did not err in holding that for sentencing purposes the Government was not required to prove that Stewart knew that the offense involved cocaine base in addition to powder cocaine. *See United States v. Gamez-Gonzalez*, 319 F.3d 695, 700 (5th Cir. 2003); *see also United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009). The district court's finding that Stewart was responsible for the .5 ounce of cocaine base was "plausible in light of the record as a whole." *See Betancourt*, 422 F.3d at 246 (internal quotation marks and citation omitted).

AFFIRMED.