# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50390
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAN REYES-RODRIGUEZ, also known as "Papa," also known as "Senor," also known as Adan Reyes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1946-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Adan Reyes-Rodriguez appeals the sentence imposed following his guilty plea conviction of one count of conspiracy to possess with intent to distribute a controlled substance, four counts of possession with intent to distribute a controlled substance, two counts of conspiracy to launder monetary instruments, and two counts of laundering monetary instruments. For the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first time on appeal, Reyes-Rodriguez argues that the district court improperly applied a four-level adjustment based on his role in the offense. He also argues, as he did below, that the drug quantity attributable to him was improperly calculated.

As Reyes-Rodriguez correctly concedes, we review the district court's application of the four-level role adjustment pursuant to U.S.S.G. § 3B1.1(a) for plain error because he failed to raise the issue below. *See United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Section 3B1.1(a) provides for a four-level increase to an offense level if the defendant is "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The commentary to the applicable money laundering guideline provides that the enhancement must be based on the money laundering offense. *See* U.S.S.G. § 2S1.1, comment. (n.2(C)).

Reyes-Rodriguez fails to demonstrate any clear or obvious error in the imposition of the four-level § 3B1.1(a) adjustment. *Puckett*, 556 U.S. at 135. Even if this court were to assume that the district court erroneously applied the role adjustment based on Reyes-Rodriguez's role in the drug trafficking offense, the error would not affect Reyes-Rodriguez's substantial rights because the record demonstrates that the adjustment was warranted based on Reyes-Rodriguez's role in the money laundering offense. *Id.*; *see also United States v. Garcia-Gonzalez*, 714 F.3d 306, 314 (5th Cir. 2013).

No. 17-50390

We review the district court's determination of drug quantity for clear error and will affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted). The court may extrapolate drug estimates "from any information that has a sufficient indicia of reliability to support its probable accuracy," including the uncorroborated testimony of a coconspirator. *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted); *see United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996).

Reyes-Rodriguez did not present competent rebuttal evidence to refute the drug quantity determination set forth in the presentence report. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Accordingly, he did not carry his burden of demonstrating that the information set forth in the PSR is "materially untrue, inaccurate or unreliable." *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) (internal quotation marks and citation omitted). Moreover, in light of the admissions made by Reyes-Rodriguez's coconspirators in their respective factual bases, the determination that Reyes-Rodriguez was accountable for in excess of 90,000 kilograms of marijuana is plausible in light of the record as a whole. *See Betancourt*, 422 F.3d at 246.

Accordingly, the judgment of the district court is AFFIRMED.