# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR ALEX TABER, JR., also known as "Vic",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-157-3

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Victor Alex Taber, Jr., pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, and he received a within-Guidelines sentence of 365 months in prison. He now appeals this sentence, asserting that the district court erred in imposing enhancements under the Guidelines and in calculating his criminal history. We review the district court's interpretation of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10196

Guidelines de novo and its factual findings for clear error. *United States v. Fernandez*, 770 F.3d 340, 342 (5th Cir. 2014).

In his first ground for relief, Taber argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) based on the importation of methamphetamine. To the extent Taber contends that the Government was required to prove he knew that the methamphetamine was imported, he is incorrect. *See United States v. Serfass*, 684 F.3d 548, 551-52 (5th Cir. 2012). In addition, Taber maintains that it would be unjust to impose the enhancement because in a coconspirator's presentence report (PSR), the probation officer determined that there was insufficient evidence to establish that the methamphetamine received by the coconspirator from a common supplier was imported from Mexico. But Taber's PSR and its addendum indicated that in his case, the agents corroborated the information received from the common supplier to support the conclusion that the methamphetamine was imported. The district court was entitled to rely on this information for sentencing purposes, and Taber has failed to demonstrate that the facts were untrue or unreliable. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Taber also contends that the district court erred by imposing a two-level enhancement under § 2D1.1(b)(12) for maintaining a drug premises. He asserts that his primary purpose in staying at a codefendant's home was to have a place to live, rather than to store or distribute drugs. In addition, Taber argues that the Government failed to present evidence of the precise number of purchases or sales he conducted at the residence or the exact quantities he stored there. The PSR included evidence from several coconspirators who had seen Taber on multiple occasions purchasing and storing methamphetamine and other drugs in the home, and the owner of the residence had authorized

Taber to conduct drug sales from the premises. The imposition of the enhancement was plausible in light of the information included in the PSR. *See United States v. Benitez*, 809 F.3d 243, 250 (5th Cir. 2015); *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013); *Harris*, 702 F.3d at 230. Our unpublished opinion in *United States v. Rodriguez*, 707 F. App'x 224 (5th Cir. 2017) (unpublished), does not support Taber's argument to the contrary. *See id.* at 227 (stating, without resolving issue, that drug-premises enhancement "present[ed] a close case" because "[t]he evidence in the PSR only establishe[d] that drugs intended for distribution were present in the [defendant's] home once").

In his final ground for relief, Taber asserts that the district court erred in imposing criminal-history points for a state conviction for property theft, a state conviction for fraudulent use or possession of identifying information, and a federal conviction for mail theft, all of which occurred during the pendency of the drug conspiracy. He has not shown that these offenses constituted relevant conduct to the methamphetamine offense. *See* U.S.S.G. § 4A1.2 cmt. n.1; *id.* § 1B1.3(a); *id.* § 1B1.3 cmt. n.5(B). In addition, although Taber received a conviction for unlawfully possessing a firearm that was discovered at the time of his arrest for the property theft, and although that firearm formed part of the basis for a sentencing enhancement under § 2D1.1(b)(1), Taber has not established that the firearm possession was part of the separate theft conviction. *Cf. United States v. Cade*, 279 F.3d 265, 271 (5th Cir. 2002) (indicating that if a prior offense was used to adjust the offense level, the defendant typically may not receive criminal-history points for that conviction).

Taber has not established that the district court erred in imposing his 365-month sentence. *See Fernandez*, 770 F.3d at 342. Accordingly, the judgment of the district court is AFFIRMED.