# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50479
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS KATAJIRI,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-7-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Katajiri appeals his 120-month, within-guidelines sentence for possession with intent to distribute a quantity of cocaine. Katajiri contends that the district court erred in holding him accountable for 5,340.19 grams of cocaine for purposes of calculating his guidelines sentencing range based, in part, on the discovery of more than $100,000 in a safe in his residence that the court found to be proceeds of drug sales. He argues that the presentence report

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50479

(PSR) contained an insufficient factual basis to find that the $100,000 was connected to his drug activity.

Katajiri fails to show that the district court erred by relying on the information in the PSR. *See United States v. Harris*, 702 F.3d 226, 230-31 & 230 n.2 (5th Cir. 2012). The unrebutted PSR evidence shows that Katajiri was the target of an ongoing cocaine distribution investigation at the time his residence was searched. He also admitted to police that he sold cocaine. Inside Katajiri's residence, police discovered 340.19 grams of cocaine hidden in a clothes hamper. The $100,000 was found inside a safe to which Katajiri had access. The safe also contained ammunition, and two firearms belonging to Katajiri were also found in the house. Furthermore, Katajiri fails to show that the district court clearly erred in discrediting his assertion that part of the $100,000 belonged to his parents. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996).

Considering the record as a whole, it is at least plausible that the $100,000 in Katajiri's safe was the proceeds of drug sales. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Moreover, Katajiri does not dispute the PSR's statement that $100,000 equals roughly the value of five kilograms of powder cocaine, nor did he present any evidence to rebut it. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). He thus fails to show that the district court's drug quantity finding was clearly erroneous. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

AFFIRMED.