# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2020

Lyle W. Cayce
Clerk

No. 19-40555
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELODIO REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-423-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Melodio Reyes pleaded guilty to transporting an alien within the United States for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), (a)(1)(B)(i).  He was sentenced to 33 months in prison and three years of supervised release.  Reyes timely filed a notice of appeal.

On appeal, Reyes asserts that the district court erred when it adopted the calculation of his criminal history score in the Presentence Report (PSR).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40555

Specifically, Reyes argues that a 1991 Texas conviction for burglary of a building and a 2013 Louisiana conviction for battery of a police officer should not have been counted towards his criminal history score.

We review this unpreserved issue for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also Davis v. United States*, No. 19-5421, 2020 WL 1325819 (U.S. Mar. 23, 2020). Reyes's PSR, which the district court adopted, provided an adequate evidentiary basis for the existence of Reyes's 1991 Texas conviction and 2013 Louisiana conviction. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Reyes does not present arguments or point to evidence demonstrating that the PSR's information is unreliable or inaccurate. He also has not asserted at any time that he was not in fact convicted in 1991 for burglary or in 2013 for battery. Moreover, at his sentencing hearing, Reyes acknowledged that he reviewed the PSR with his attorney and when asked whether "everything appear[ed] to be correct in the" PSR, he replied, "[y]es." Under these circumstances, Reyes has shown no error, and certainly no clear or obvious error. *See Puckett*, 556 U.S. at 135.

Accordingly, the judgment of the district court is affirmed. Reyes's motion for appointment of new counsel is denied. *See* FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT, § 5(B).

AFFIRMED; MOTION TO APPOINT NEW COUNSEL DENIED.