**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 10, 2012

Lyle W. Cayce
Clerk

No. 11-10997

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NICHOLAS HARRIS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:

Nicholas Harris appeals the 132-month sentence imposed upon his conviction of attempted possession with intent to distribute cocaine. He contends that: (1) the district court committed procedural error by improperly considering his prior arrest record; (2) the facts underlying his sentence were not proven to a jury beyond a reasonable doubt; and (3) the district court erred by not reducing his offense level for acceptance of responsibility. For the reasons set forth below, we AFFIRM Harris's sentence.

No. 11-10997

I.

Harris pleaded guilty to attempted possession with intent to distribute cocaine. The pre-sentence report ("PSR") calculated a total offense level of thirty, which included a two-level reduction for acceptance of responsibility. The PSR placed Harris in criminal history Category III based on his prior criminal convictions. The PSR included Harris's arrest record, which contained five arrests dating back to 1999 that resulted in no prosecution. The PSR also included information about the underlying facts of those arrests based on the arresting officers' police reports. For at least some of the arrests, the underlying information was provided by contemporaneous observations by the police officers. In at least two cases, the PSR noted that the charges were dropped because the victims declined to pursue prosecution. For one arrest, the PSR's description does not mention a police report. Harris filed no objections to the PSR prior to sentencing, for either its factual assertions or its Guidelines calculations.

At sentencing, Harris argued that his criminal history category, while technically accurate, was overstated because one of his prior convictions was *almost* old enough not to be considered in computing his criminal history score. The Government asserted that there was no mitigating value to Harris's having one conviction that was "almost too old" to be counted, and that Harris's criminal history was actually worse than what was captured by the Guidelines calculation. The district court labeled it a "close call[]," noting the existence of two older convictions that were listed in the PSR, but not counted in the formula, and "at least four . . . assault charges where [Harris] was arrested for assaulting out of domestic violence situations that weren't counted at all because they were dropped because the victims didn't want to prosecute anymore." The court also told Harris:

2

No. 11-10997

You have been in and out of the criminal system a long time. And a lot of those criminal activities . . . that you have been involved in weren't counted as far as criminal history points. So I think even if it was a II, this wouldn't be the kind of case where you would be sentencing at the bottom end of the Guideline range with as many convictions [as you have, and] as many arrests as you have . . . that weren't charged involving violence. You are being violent. Some of those women were pregnant with your child when you were assaulting them.

These comments by the district court provide the basis for Harris's appeal.

The court determined that the PSR's recommendations were appropriate, with a Guidelines range of 121 to 151 months. The court imposed a sentence near the middle of the range: 132 months. Harris then objected to his "unadjudicated priors" "being considered as a part of the basis of the reasonableness of the sentence."

## II.

Federal criminal sentences are reviewed for reasonableness under a bifurcated approach, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). First, the court determines whether the district court committed any "significant procedural error[s]," such as improperly calculating the Guidelines range, treating the Guidelines as mandatory, or selecting a sentence based on erroneous factors. *Id.* Second, assuming no procedural error occurred, the court reviews for substantive reasonableness, taking into account the totality of the circumstances. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009).

We review claims of procedural error *de novo. United States v. Cisneros-Guttierez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court's factual findings are reviewed for clear error. *United States v. Valencia*, 44 F.3d 269, 272 (5th Cir.

No. 11-10997

1995). A sentence within the Guidelines range may be presumed substantively reasonable. *Gall*, 552 U.S. at 51.

Harris argues that the district court committed procedural error by considering his "bare arrest record." The term "bare arrest record," in the context of a PSR describes the reference to the mere fact of an arrest—*i.e.* the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest. *See United States v. Williams*, 620 F.3d 483, 493 n.9 (5th Cir. 2010) (citing *United States v. Berry*, 553 F.3d 273, 284 (3d Cir. 2009)). The mere fact of an arrest, by itself, is not reliable evidence of guilt. *See United States v. Robert Jones*, 444 F.3d 430, 434 & n.10 (5th Cir. 2006). Thus, our precedent makes it clear that the consideration of the fact of prior arrests, without more, is prohibited. *See United States v. Johnson*, 648 F.3d 273, 277 (5th Cir. 2011) ("[W]ithout sufficient indicia of reliability, a court may not factor in prior arrests when imposing a sentence."); *United States v. Earnest Jones*, 489 F.3d 679, 681–82 (5th Cir. 2007); *Robert Jones*, 444 F.3d at 434 ("[I]t was error to take the mere fact of prior arrests into account."); *cf.* U.S.S.G. § 4A1.3(a).

The question then becomes whether the district court here ran afoul of our precedent. We note that the PSR is required to include the defendant's arrest history for the court's benefit. *See* Fed. R. Crim. P. 32(d)(2). While the arrest history may contain merely the fact of arrest, it may also include a specific description of the defendant's conduct leading to the arrest. In *Johnson*, we noted that our precedent "left room for a court to consider arrests if sufficient evidence corroborates their reliability."[1] 648 F.3d at 277. This rule is consistent

---

[1] In *Johnson*, we concluded that it was procedural error to rely on the defendant's arrest record where the PSR "listed only the most basic information about the[] prior arrests: the date, the charges, the agency out of which the arrest was processed, and the disposition." 648 F.3d at 274; *see id.* at 275 (noting also that "[t]he PSR contained no information about the underlying facts or circumstances of the arrests and no explanation of why [the defendant] was

with the constitutional due process requirement that "sentencing facts must be established by a preponderance of the evidence." *Id.*

When making factual findings for sentencing purposes, district courts "may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002) (internal quotation marks and citation omitted). Generally, a PSR "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) (quoting *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007)). A district court, therefore, "may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable."[2] *Trujillo*, 502 F.3d at 357 (citation omitted).

When faced with facts contained in the PSR that are supported by an adequate evidentiary basis with sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are "materially untrue, inaccurate or unreliable." *United States v. Huerta*, 182 F.3d 361, 364–65 (5th

---

not prosecuted"). *Johnson* presents a clear example of a district court's reliance on the mere fact of a prior arrest. In comparison, Harris's PSR contained specific information about the conduct and circumstances relating to the arrests, including why prosecution did not result. In at least one instance, the arresting officers witnessed the actual assault. Because Harris's PSR included the factual underpinnings for the prior unadjudicated arrests—not merely the fact that he had been arrested, but not convicted, for an offense—this case does not involve improper reliance on the mere fact of prior arrests.

[2] We note, however, that mere inclusion in the PSR does not convert facts lacking an adequate evidentiary basis with sufficient indicia of reliability into facts a district court may rely upon at sentencing. *See United States v. Dabeit*, 231 F.3d 979, 983 (5th Cir. 2000) ("The PSR . . . cannot just include statements, in hope of converting such statements into reliable evidence, without providing any information for the basis of the statements."); *United States v. Elwood*, 999 F.2d 814, 817–18 (5th Cir. 1993) ("Bald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR.").

Cir. 1999) (internal quotation marks and citation omitted).  Mere objections to such supported facts are generally insufficient.[3] *United States v. Rodriguez*, 602 F.3d 346, 363 ("Because no testimony or other evidence was submitted to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation.").

To summarize, our precedent is clear that the consideration of the mere fact of a prior arrest is prohibited.  *See, e.g.*, *Johnson*, 648 F.3d at 277–78 ("[W]ithout sufficient indicia of reliability, a court may not factor in prior arrests when imposing a sentence. . . . We have long recognized that 'an arrest, without more, is quite consistent with innocence.'" (quoting *United States v. Labarbera*, 581 F.2d 107, 109 (5th Cir. 1978)).  When the PSR also contains a factual recitation of the defendant's conduct that gave rise to a prior unadjudicated arrest, the district court must determine whether that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability.  *See Trujillo*, 502 F.3d at 357.  If the factual recitation lacks sufficient indicia of reliability, then it is error for the district court to consider it at sentencing—regardless of whether the defendant objects or offers rebuttal evidence.

Alternatively, if the factual recitation possesses sufficient indicia of reliability, then a district court may consider it at sentencing.  In this circumstance, the defendant may object and offer rebuttal evidence challenging the truthfulness, accuracy, or reliability of the evidence supporting the factual recitation in the PSR.  Requiring a defendant to object to the accuracy or reliability of the factual recitation puts the district court on notice that those

---

[3] While mere objections are generally insufficient, such objections may sufficiently alert the district court to questions regarding the reliability of the evidentiary basis for the facts contained in the PSR, particularly in circumstances where the facts are based solely upon an arresting officer's uncorroborated description of the events justifying the defendant's arrest.

facts are contested.[4] The district court must then weigh the competing evidence and determine whether the factual recitation is established by a preponderance of the evidence.

In this case, Harris did not object to the contents of the PSR or offer rebuttal evidence on any of the incidents in his criminal history. His objection during sentencing was that the district court's mention of the prior arrest record was procedural error. He did not argue that the detailed factual information supporting the arrests was false, inaccurate, or unreliable. Accordingly, because the factual recitations of Harris's conduct underlying his prior unadjudicated arrests had an adequate evidentiary basis with sufficient indicia of reliability, the district court did not commit procedural error by considering them at sentencing in the absence of any attempt by Harris to call into question the reliability of the factual recitations.

Because the district court's consideration of the facts underlying Harris's prior arrests was not procedural error, we turn next to a review of the sentence for substantive reasonableness. *See Gall*, 552 U.S. at 48–51. The record as a whole shows that Harris had a significant criminal history of convictions. The presumption of reasonableness applies to Harris's within-Guidelines sentence, and Harris has not overcome that presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007).

Finally, Harris also raised two issues that he concedes are foreclosed by our precedent. He contends his offense level should have been reduced by an additional point under § 3E1.1(b) for acceptance of responsibility because the

---

[4] Federal Rule of Criminal Procedure 32 requires that a defendant be given a copy of his PSR at least 35 days before sentencing. Fed. R. Crim. P. 32(e)(2). Each party then has fourteen days to object to "material information, sentencing guideline ranges, and policy statements contained in or omitted from the report," Rule 32(f)(1), and at least seven days before the sentencing the probation officer must submit a final version of the PSR to the parties, stating any unresolved objections, Rule 32(g).

No. 11-10997

government improperly refused to file the requisite motion for the reduction. This claim is foreclosed by *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008) (concluding that the government may decline to move for the additional reduction based on the defendant's refusal to timely waive his right to appeal). Harris also contends his sentence violated his Sixth Amendment right to a jury trial and his Fifth Amendment rights to indictment and proof beyond a reasonable doubt, because facts relevant to sentencing were found by the judge rather than by a jury. This claim was deemed foreclosed in *United States v. Rhine*, 583 F.3d 878, 891 & n.50 (5th Cir. 2009).

III.

For the foregoing reasons, Harris's sentence is AFFIRMED.