# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40580
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CAROL CHERI THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-141

Before SMITH, BENAVIDES and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carol Thomas appeals from her sentence following her guilty plea conviction on three counts of mail fraud. The district court sentenced Thomas to 57 months of imprisonment based, in part, upon a two level adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1. She argues on appeal that the district court erred in making the § 3C1.1 adjustment because she made statements in a verified objection to her presentencing report that prove that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she did not "willfully" take any actions to obstruct or impede the administration of justice. According to Thomas, because the Government failed to submit any evidence to rebut the statements in her verified objection, the district court erred in making the adjustment.

This court reviews "the district court's legal interpretation of the Sentencing Guidelines de novo and factual findings for clear error." *United States v. Brooks*, 681 F.3d 678, 712 (5th Cir. 2012). A factual finding is clearly erroneous if it is implausible in light of the record as a whole. *See United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). "When making factual findings for sentencing purposes, a district court may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (internal quotation marks and citation omitted); § 6A1.3 (court may consider "relevant information without regard to its admissibility under the rules of evidence applicable at trial").

Generally, "a PSR bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines." *Huerta*, 182 F.3d at 364. A district court, therefore, may adopt the facts contained in a PSR "without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). Facts in a PSR that do have an adequate evidentiary basis can only be refuted by the defendant with "rebuttal evidence demonstrating that those facts are 'materially untrue, inaccurate or unreliable.'" *Harris*, 702 F.3d at 230 (quoting *Huerta*, 182 F.3d at 364). A

defendant's "[m]ere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998) (citing *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994)).

In making a § 3C1.1 upward adjustment to Thomas's sentence, the district court relied upon the findings contained in her presentencing report. Those findings had an "adequate evidentiary basis with sufficient indicia of reliability," *Harris*, 702 F.3d at 230, based upon the statements made by the Government at Thomas's sentencing hearing. Although Thomas's sworn objection contained statements which refuted the findings of the presentencing report, Thomas did not testify at the sentencing hearing and she otherwise offered no evidence in support of her objections. Because Thomas failed to refute the facts in her presentencing report with evidence demonstrating that those facts are "materially untrue, inaccurate or unreliable," *Huerta*, 182 F.3d at 364, Thomas cannot establish that the district court's findings are clearly erroneous or implausible in light of the record as a whole. Accordingly, the district court's assessment of a two-level upward adjustment on the basis of § 3C1.1 and corresponding refusal to make any downward adjustment based on § 3E1.1 were proper.

The judgment of the district court is AFFIRMED.