# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50261
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee

versus

JULIO CESAR RAMIREZ,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:16-CR-126-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Julio Ramirez pleaded guilty of conspiring to possess with intent to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute 50 grams or more of methamphetamine. The district court sentenced Ramirez within the advisory guideline range to 235 months of imprisonment and five years of supervised release. Ramirez appeals the sentence, claiming that the court relied on unreliable co-conspirator statements to determine the amount of methamphetamine attributable to him through relevant conduct.

Ramirez has not shown that the court clearly erred in adopting the finding in the presentence report ("PSR") that he was responsible for a drug quantity that resulted in a base offense level of 36 under U.S.S.G. § 2D1.1(a)(5). *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The PSR stated that the drug quantity attributable to Ramirez was based on co-conspirator statements and on drugs that were confiscated by law enforcement. The PSR had sufficient indicia of reliability to be considered as evidence, because it was based on information that a case agent obtained from other members of the drug conspiracy. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015). Ramirez failed to prove that the information in the PSR concerning the multi-pound quantities of methamphetamine was "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

AFFIRMED.