# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50002
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO AMAR WHITE, also known as Knockout,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-595-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

A jury found Antonio Amar White guilty of three counts of distributing crack cocaine on three separate dates in June 2016. The jury could not reach a verdict on a fourth count of distributing crack cocaine related to a transaction on July 7, 2016; the district court declared a mistrial with respect to the fourth count and dismissed it. White challenges his three concurrent within-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-50002

Guidelines sentences of 80 months' imprisonment, claiming that the district court erred in calculating his base-offense level.

First, White asserts the district court erred in calculating the drug quantity used to determine his offense level under U.S.S.G. § 2D1.1 because it counted as relevant conduct 21.64 grams of crack cocaine sold to a confidential informant on July 7th, the basis of the dismissed fourth count. The record reflects that White was involved in the July transaction at issue; he agreed to sell the confidential informant one ounce of cocaine and arranged the location of the meeting, he took the confidential informant's money and counted it, and then he handed cocaine to another individual to give to the confidential informant. Based on White's personal involvement in the July transaction, the similarities between the June offenses and the July offense, and the temporal proximity of the July transaction to the earlier transactions, the reliable evidence shows by a preponderance of the evidence that the July transaction was part of the same course of conduct or common scheme or plan. *See United States v. Ocana,* 204 F.3d 585, 589-90 (5th Cir. 2000); *see also United States v. Hinojosa*, 749 F.3d 407, 415 (5th Cir. 2014). In addition, White did not present any evidence at the sentencing hearing to demonstrate that the drug quantity was "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Based on the foregoing, the district court did not clearly err in finding that the 21.64 grams of cocaine sold to the confidential informant in July was relevant conduct for which White should be held accountable. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005); *see also* U.S.S.G. § 1B1.3(a)(2); § 1B1.3, comment. (n.5(B)(i)).

Second, White contends that his sentence is improper because the district court relied on judge-found facts in connection with his conduct on the

No. 18-50002

dismissed charge.  As White concedes, his claim is foreclosed.  *See United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011).

AFFIRMED.