# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-41033
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODRIGO ROMAN,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-876-9

———————

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Rodrigo Roman appeals the ten-year statutory minimum sentence imposed after he pleaded guilty to conspiring to possess with the intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). He argues that the district court erred in determining that he possessed a firearm or other dangerous weapon in connection with his drug offense. This finding resulted in a two-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement in Roman's offense level under U.S.S.G. § 2D1.1(b)(1) and made him ineligible for a sentence reduction under the safety valve provision, U.S.S.G. § 5C1.2(a).

A district court's factual finding that the dangerous weapons enhancement applies is reviewed for clear error. *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). It will be affirmed if "plausible, considering the record as a whole." *Id.* The enhancement applies if a defendant possessed a "dangerous weapon (including a firearm)" in connection with drug offense conduct. § 2D1.1(b)(1); *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998). The Government bears the initial burden to demonstrate "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Juluke*, 426 F.3d 323, 328 (5th Cir. 2005) (quoting *United States v. Cooper*, 274 F.3d 230, 245 (5th Cir. 2001)). The burden then "shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense." *Ruiz*, 621 F.3d at 396.

In making its findings, the district court may rely on the facts set out in a presentence report (PSR) "if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007)). Here, the PSR stated that a search of Roman's residence resulted in the discovery of over $48,000 in currency, a money counter, a homemade firearm silencer, ammunition, and three firearms, including a sawed-off shotgun, a semi-automatic pistol, and another pistol. Law enforcement officers also discovered 4.72 kilograms of cocaine in a vehicle located on Roman's property. According to the PSR, Roman's role in the offense was that of a narcotics and currency

stash house caretaker and street-level distributor. The PSR thus recommended sentencing enhancements for possession of a dangerous weapon, U.S.S.G. § 2D1.1(b)(1), and for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, U.S.S.G. § 2D1.1(b)(12).

Roman objected to the dangerous weapons enhancement and the PSR's resulting determination that he was not eligible for a sentence reduction under the safety valve provision.[1] He did not contest the other factual findings in the PSR. At sentencing, Roman maintained that there was insufficient evidence the firearms were connected to drug trafficking because no drugs were found in the residence itself, the shotgun was inoperable, and the pistols were unloaded and locked in a safe upstairs. Defense counsel further argued that one firearm was used for legitimate self-defense in a dangerous neighborhood and the other two firearms were given to Roman by a co-defendant to hold on to, but not to keep permanently.

The district court accepted that Roman may have kept a firearm to protect himself against gangs but concluded that the firearms were also used to facilitate drug trafficking, including defending drugs and drug proceeds kept at the residence. This finding is plausible and well-supported by the record. That the weapons were not loaded and that one weapon may have been inoperable is "not dispositive." *United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990). The "mere presence" of a firearm can "heighten the danger inherent in drug trafficking." *Id.*; *United States v. Mitchell*, 31 F.3d 271, 278 (5th Cir. 1994). Nor does the fact the pistols were locked in a safe make a difference here. What matters is that the weapons were accessible to Roman. *United States v. Menesses*, 962 F.2d 420, 429 (5th Cir. 1992). Accordingly, the district

---

[1] Roman also argued that he was entitled to a three-point reduction in his offense level for acceptance of responsibility. The district court awarded this reduction at sentencing.

No. 17-41033

court did not err in applying the weapons enhancement under U.S.S.G. § 2D1.1(b) and correctly found Roman ineligible for a sentence reduction under the safety valve provision. *Ruiz*, 621 F.3d at 397; *Vasquez*, 161 F.3d at 912.

AFFIRMED.