# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SABINO ORLANDO MARTINEZ, also known as Pino,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CR-144-3

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:*

Sabino Orlando Martinez pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine and one count of conspiracy to possess with intent to distribute cocaine. A jury convicted Martinez of one count of conspiracy to commit robbery affecting interstate commerce, one count of conspiracy to use and carry firearms during and in relation to a crime of violence, and one count of conspiracy to use and carry

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40068

firearms during and in relation to a drug trafficking offense. The district court sentenced him below the guidelines range to 960 months of imprisonment.

Martinez argues there was insufficient evidence to support his conviction for conspiracy to commit robbery affecting commerce because the Government did not introduce evidence showing that the crime affected commerce. He also claims that there was insufficient evidence linking him to the robbery at a Popeye's restaurant and establishing a criminal conspiracy.

Because Martinez did not move for a judgment of acquittal at the close of the Government's case or at the close of all evidence, we review this claim for plain error only. *See United States v. Delgado,* 672 F.3d 320, 328-31 (5th Cir. 2012) (en banc). Plain error requires a showing of (1) error, (2) that is clear or obvious, and (3) that affects substantial rights. *Id.* at 329 (citation omitted). If these three prongs are met, we have discretion to correct the error only if it seriously affects the integrity, fairness, or public reputation of judicial proceedings. *Id.* (citation omitted).

Martinez's arguments are unavailing. Given the significant amount of witness testimony connecting Martinez to the robbery of the restaurant and establishing that it negatively impacted the restaurant in its interstate business transactions, the record was not devoid of evidence of a conspiracy to commit robbery affecting interstate commerce. *See Delgado*, 672 F.3d at 331; *United States v. Box*, 50 F.3d 345, 349 (5th Cir. 1995).

In addition, Martinez argues that Shannon Clark's death was not relevant conduct to any of his convictions and, thus, the district court erred in applying the U.S.S.G. § 2B3.1(c)(1) cross-reference to U.S.S.G. § 2A1.1. He urges that there was no evidence that he shot Clark with the intent to rob her or to avoid apprehension in another robbery.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Goncalves*, 613 F.3d 601,

604-05 (5th Cir. 2010).  Martinez has not shown that the district court clearly erred in finding that Clark's murder was relevant conduct for purposes of the cross-reference or in finding that the circumstances of the murder supported the application of the cross-reference.  *See* § 1B1.3(a)(1)(A), (B); *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Martinez also challenges the seven-level enhancement under U.S.S.G. § 2B3.1(b)(2)(A) for discharge of a firearm, the six-level bodily injury enhancement under § 2B3.1(b)(3)(C), and the two-level vulnerable victim enhancement under U.S.S.G. § 3A1.1(b)(1).  Consideration of these claims is unnecessary.  Given that the district court did not err in applying the § 2B3.1(c)(1) cross-reference and a base offense level of 43 under § 2A1.1, any additional enhancements and adjustments would be inapplicable because "[a]n offense level of more than 43 is to be treated as an offense level of 43."  U.S.S.G. Ch.5, Pt.A, comment. (n.2).

Finally, Martinez urges that the district court imposed a substantively unreasonable sentence because it relied upon an erroneously-calculated guidelines range.  Because Martinez did not object to the substantive reasonableness of his sentence at the time it was imposed, review is limited to plain error.  *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

The record in the instant case demonstrates that the district court made an individualized assessment to determine whether a sentence below the guidelines range was sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).  *See* § 3553(a).  Martinez has not shown any error, plain or otherwise, with respect to the substantive reasonableness of his sentence.  *See Peltier*, 505 F.3d at 391.

AFFIRMED.