# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2020

Lyle W. Cayce
Clerk

No. 19-30883
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDALL WYNNE WILKINS, also known as Kendall White,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CR-221-3

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kendall Wynne Wilkins appeals his guilty plea conviction of and sentence for conspiracy to possess with intent to distribute heroin. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), 846. According to Wilkins, the Government breached the plea agreement when the district court attributed 448 grams of heroin to him for purposes of calculating his advisory sentence under Sentencing Guidelines because the Government had agreed to attribute only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the narcotics involved in a 60-day period during the conspiracy.  Because neither the clear language of the written plea agreement nor anything the Government said at the rearraignment hearing included an agreement regarding the attributable drug weight, Wilkins fails to show clearly or obviously that a reasonable understanding of the agreement involved such an accord as to drug weight.  *See United States v. Tapia*, 946 F.3d 729, 733 (5th Cir. 2020); *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011).

Wilkins also asserts that the district court clearly erred in calculating his advisory guidelines sentence based on 448 grams of heroin and by increasing his offense level by two based on his role in the offense.  The drug weight used by the district court is plausible in light of the unrebutted evidence that Wilkins was responsible for 448 grams of heroin in the 60-day period during which officers investigated Wilkins's role in supplying drugs to multiple individuals, including not only Rex Countee, as he admits, but also Howard White.  *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005); *see also United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Wilkins likewise fails to show that the district court clearly erred in adding two levels to his offense level because he acted as an organizer, leader, manager, or supervisor in an organization involving fewer than five participants and otherwise not extensive.  *See* U.S.S.G. § 3B1.1(c); *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015).  The uncontroverted evidence showed that Wilkins would drive to Houston, Texas, to buy quantities of heroin with which he returned to the Alexandria, Louisiana area to supply to multiple individuals, including Countee and White; that Wilkins used his girlfriend's home to store the heroin; and that Wilkins directed a confidential informant to sell drugs for money.  These facts plausibly support a conclusion that Wilkins exercised decision-making authority over the acquisition, storage,

and provision of heroin to others, as well as a degree of authority over other participants in the conspiracy. *See Ochoa-Gomez*, 777 F.3d at 283; § 3B1.1, comment. (n.4); *see also United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003).

In his last assignment of error, Wilkins asserts that omissions and inconsistencies as to the plea documents, particularly the written elements of the offense, as well as the stressful and confusing circumstances of the rearraignment hearing, rendered his plea hearing fundamentally unfair though very few details are provided. We review this unpreserved issue only for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Wilkins's ambiguous statements on this point suggests that he acknowledges that the alleged omissions and inconsistencies in the written statement of elements were not "a material factor affecting [his] decision to plead guilty." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (internal quotation marks and citation omitted). In any event, however, the record establishes that the district court recited the elements of the offense; confirmed that Wilkins understood the nature of the charge, did not need to review the charge again, and had reviewed the indictment itself and discussed it with his attorney; and confirmed that Wilkins's guilty plea was knowing, voluntary, and not the result of threats or coercion. *See* FED. R. CRIM. P. 11. Wilkins fails to overcome the presumption of veracity accorded his sworn declarations in open court, *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and fails to show a clear and obvious error in the Rule 11 colloquy that resulted in his guilty plea, *see Reyes*, 300 F.3d at 558.

The judgment of the district court is AFFIRMED.