# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2021

Lyle W. Cayce
Clerk

No. 20-10222

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILEY RAYMOND PHILLIPS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-302-6

Before BARKSDALE, SOUTHWICK, and GRAVES, *Circuit Judges*.
LESLIE H. SOUTHWICK, *Circuit Judge*:*

The defendant pled guilty to conspiracy to possess with intent to distribute a controlled substance. The district court imposed a below-Guidelines sentence. The defendant argues that the district court procedurally erred in imposing the sentence. We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10222

## FACTUAL AND PROCEDURAL BACKGROUND

Wiley Raymond Phillips pled guilty to conspiracy to possess with intent to distribute methamphetamine.  The presentence investigation report ("PSR") calculated a total offense level that included a two-level enhancement under United States Sentencing Guidelines Section 2D1.1(b)(5) because Phillips' offense involved imported methamphetamine (the "importation enhancement").  The total offense level, combined with Phillips' criminal history category, yielded a Guidelines range of 235 to 293 months' imprisonment.  Because the statutory maximum for the offense was 20 years, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), the upper limit of the Guidelines range was reduced to 240 months.

Phillips moved to vary downward from the Guidelines range.  Among other arguments, Phillips objected to the importation enhancement.  Phillips argued that there was no evidence he knew the methamphetamine involved in his offense was imported.  Though he conceded that the district court could apply the importation enhancement anyway, he argued that the district court should exercise its discretion not to apply it.  In support, Phillips argued that the enhancement was arbitrary because it did not reflect increased culpability.  Phillips also argued that the enhancement did not deter the importation of drugs.

At the sentencing hearing, Phillips' counsel and the district court engaged in the following colloquy about Phillips' objection:

> THE COURT:  Who am I, as the Judge, to question the United States Sentencing Commission and their studies that they've done and the background behind this importation enhancement, which the Fifth Circuit has told me it's perfectly appropriate to give in these circumstances?
>
> MR. COFER:  The Fifth Circuit — well, Your Honor —

2

THE COURT:  Isn't that stepping outside of my lane, so-to-speak?

MR. COFER:  Absolutely not, Your Honor.  Since *Booker*, *Gall*, *Kimbrough*, you can say you wholly disagree with the [G]uidelines and you think that they're foolish as long as you've acknowledged them.

THE COURT:  I bet I wouldn't last very long with the Fifth Circuit if I made that type of statement, but go ahead.

MR. COFER:  Well, Your Honor, that's — that's happened in the purity cases that we have where [G]uidelines are outrageously high.

THE COURT: I understand.  And I understand what [another judge in this district's] position is on those cases.  And again, given what I see my role as a judge is, I understand the argument, something I take into consideration in sentencing, but it's not something where I'm just going to say, ["]You know what, I don't like these [G]uidelines, I'm not going to follow them.["]  To me that's stepping outside of the lane.  I think it's something that Congress requires me to consider.  But, anyway, go ahead.

After briefly arguing that there was no empirical connection between the importation enhancement and culpability, Phillips' counsel moved on to other sentencing arguments.  In concluding his arguments, he stated that he understood "the Court is not inclined to take away the levels for the importation" but urged that "the Court can reasonably consider . . . the distance between [Phillips] and Mexico in the scheme that would support at least a one-level variance."  The district court responded, "You made a very eloquent argument, although a large part of it I do disagree with, particularly when it comes to my consideration of the guidelines.  I do think it's something I can't just [wholly] jettison."

The district court continued the hearing and did not announce a sentence until a second hearing a week later. At that hearing, the district court granted a downward departure of ten months from the minimum of the Guidelines range because Phillips had completed a term of imprisonment for a related offense. The district court then imposed a sentence of 225 months.

In explaining the sentence, the district court stated that it had considered the Section 3553(a) factors, including the "advisory sentencing [G]uidelines." Phillips renewed his objections to the sentence, including an objection to the court's treatment of "the [G]uidelines as mandatory as it relates to the importation levels." The district court overruled those objections. Phillips appealed.

## DISCUSSION

Phillips argues that the district court committed procedural error by treating the importation enhancement as mandatory. In this instance, we review *de novo* whether the district court committed that procedural error. *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).

When sentencing a defendant, a district court must first calculate the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). Next, the district court must allow "both parties an opportunity to argue for whatever sentence they deem appropriate." *Id.* at 49. Finally, "the district judge should . . . consider all of the § 3553(a) [sentencing] factors to determine whether they support the sentence requested by a party." *Id.* at 49–50.

In this last step, a district court "may not presume that the Guidelines range is reasonable." *Id.* at 50. Instead, it "must make an individualized assessment based on the facts presented." *Id.* As part of that individualized

assessment, the district court has discretion to vary from the Guidelines. The district court may vary because it "finds a particular case outside the heartland to which the Commission intends individual Guidelines to apply." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quotation marks omitted). It may also vary because the Guidelines "fail[] properly to reflect § 3553(a) considerations even in a mine-run case." *Id.* (quotation marks omitted).

A district court commits procedural error when it fails to follow this process for sentencing, including when it fails to appreciate its discretion under the Guidelines. *United States v. Burns*, 526 F.3d 852, 861–62 (5th Cir. 2008). In reviewing for procedural errors, we have looked for explicit evidence that the district court lacked awareness of its discretion under the Guidelines. In *Burns*, we vacated and remanded for resentencing where the district court stated that it had "no-limited discretion, if any," to vary from the Guidelines based on a policy disagreement. *Id.* at 861. Finding error, we held that the defendant was "entitled to have his sentence set by a judge aware of the discretion that *Kimbrough* has announced." *Id.* at 862.

We also reviewed a district court's failure to appreciate its discretion under the Guidelines in another case. The district court there had erroneously held that it lacked discretion to consider evidence of a defendant's cooperation in the absence of a motion from the government under Section 5K1.1 of the Guidelines. *United States v. Robinson*, 741 F.3d 588, 599–601 (5th Cir. 2014). In concluding that the district court had committed procedural error, we emphasized that the district court was "quite explicit in rejecting its authority to consider the evidence of [the defendant's] cooperation." *Id.* at 601. We distinguished a case where the district court merely "evinced doubt or hesitation" about its discretion. *Id.* We also distinguished a case where the district court "understood its discretion" but declined to exercise it. *Id.*

No. 20-10222

Here, the district court never explicitly disclaimed authority to vary from the Guidelines. To the contrary, the district court referred to the Guidelines as "advisory." The district court also acknowledged the position of another judge who varied from the Guidelines based on a policy disagreement, noting that it understood that judge's reasoning.

Phillips argues that the district court's "trepidation about a possible reversal" is explicit evidence that the district court lacked awareness of its discretion under the Guidelines. To support that argument, Phillips quotes an exchange where his counsel told the district court it could "say [that it] wholly disagree[s] with the [G]uidelines and . . . think[s] that they're foolish as long as [it] acknowledged them." The district court responded, "I bet I wouldn't last very long with the Fifth Circuit if I made that type of statement."

This exchange does not disclose ignorance of the district court's discretion to vary from the Guidelines. It instead shows that the district court properly understood its obligation to give "respectful consideration to the Guidelines." *Kimbrough*, 552 U.S. at 101. While a district court has discretion to vary from the Guidelines, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The Supreme Court has found it "uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Id.*

Rather than signaling ignorance of the discretion to vary, we interpret the district court's statements, particularly those about its "role" and "lane," to reflect its hesitation before exercising discretion. We find no error in that hesitancy. After all, a district court is "never *required* to vary under *Kimbrough*." *United States v. Malone*, 828 F.3d 331, 339 (5th Cir. 2016).

6

No. 20-10222

Phillips argues that the district court's hesitance to vary amounts to an abdication of the responsibility to individually assess the facts during sentencing. We acknowledge that if a district court stated that it categorically refused to vary from the Guidelines under any circumstance, then such a statement would be akin to applying the erroneous presumption that the Guidelines must be considered reasonable. *See Gall*, 552 U.S. at 50. Here, though, we do not interpret the district court's statements as reflecting such an absolute refusal to vary. Instead, we interpret the district court to say that it would require weighty reasons to do so. We hold that the district court did not procedurally err in imposing Phillips' sentence.

AFFIRMED.