# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2021

Lyle W. Cayce
Clerk

No. 19-50964

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALFRED GARANSUAY, *also known as* ALFRED,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-391-23

Before HIGGINBOTHAM, COSTA, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Alfred Garansuay was a "prospect" of the Texas Mexican Mafia (TMM) and involved in the group's drug-trafficking activities in San Antonio.[1] For conduct related to his involvement in TMM, he was charged

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] TMM is a hierarchical organization that includes a president, a vice president, generals, captains, lieutenants, sergeants, soldiers, prospects, and associates.

with and pleaded guilty to conspiracy to interfere with commerce by threats or violence and conspiracy to possess with intent to distribute methamphetamine and heroin.[2] The district court sentenced Garansuay to concurrent terms of 240 months of imprisonment on the interference-with-commerce charge and 300 months of imprisonment on the drug-conspiracy charge. On appeal, he challenges several of the district court's determinations under the Sentencing Guidelines, as well as the substantive reasonableness of his sentence.

We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.[3] "There is no clear error if the district court's finding is plausible in light of the record as a whole."[4]

Garansuay initially presents two arguments that he concedes are foreclosed by our precedents. First, he argues the Fifth and Sixth Amendments require that he be given the opportunity to cross-examine his accusers at sentencing, which is foreclosed by *United States v. Navarro*.[5] Second, he argues the district court was required to find that he knew the methamphetamine was imported to apply an enhancement under

---

[2] *See* 18 U.S.C. § 1951; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846.

[3] *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015).

[4] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted).

[5] 169 F.3d 228, 236 (5th Cir. 1999) ("[T]here is no Confrontation Clause right at sentencing . . . .").

No. 19-50964

§ 2D1.1(b)(5), which is foreclosed by *United States v. Serfass*.[6] He makes these arguments solely to preserve them for further review.

Next, Garansuay contends that the district court clearly erred in finding he: (1) was accountable for over 4.5 kilograms of methamphetamine, yielding a base offense level of 38;[7] (2) possessed a dangerous weapon in connection with the drug-trafficking conspiracy, warranting a two-level enhancement;[8] and (3) used violence during the conspiracy, supporting another two-level enhancement.[9] These findings were supported by evidence with sufficient indicia of reliability, including the presentence report, testimony at sentencing of an agent for the Federal Bureau of Investigation, and the trial record of Garansuay's co-defendants.[10] As that evidence was unrebutted by Garansuay, he fails to show that the district court's findings were clearly erroneous.[11]

Garansuay also argues the district court clearly erred in finding that he attempted to obstruct the administration of justice, justifying an additional two-level enhancement.[12] While that finding was also likely plausible in light

---

[6] 684 F.3d 548, 553 (5th Cir. 2012) ("[A] defendant who possesses methamphetamine that had itself been unlawfully imported is subject to the enhancement, whether or not he knew of that importation . . . .").

[7] *See* U.S.S.G. § 2D1.1(a)(5), (c)(1).

[8] *See id.* § 2D1.1(b)(1).

[9] *See id.* § 2D1.1(b)(2).

[10] *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (per curiam); *United States v. Betancourt*, 422 F.3d 240, 246–47 (5th Cir. 2005).

[11] *See Harris*, 702 F.3d at 230–31; *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010) ("Because no testimony or other evidence was submitted to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation.").

[12] *See* U.S.S.G. § 3C1.1.

No. 19-50964

of the record, we need not decide this closer issue, as any error in applying the enhancement was harmless. Removing this enhancement would reduce Garansuay's offense level from 48 to 46. With a criminal history of category IV, his imprisonment range would remain life in prison.[13] Accordingly, any error committed by the district court in applying this enhancement was harmless, as it had no impact on Garansuay's sentencing range.[14]

Finally, Garansuay contends that his within-guidelines 300-month sentence is substantively unreasonable because it does not account sufficiently for his medical mitigating factors, his close ties to his family, and the fact that he admitted his actions and pleaded guilty. His arguments on appeal are nothing more than a disagreement with the district court's weighing of the applicable 18 U.S.C. § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness attached to his within-guidelines sentence.[15]

The district court's judgment is affirmed.

---

[13] *See id.* Ch. 5, Pt. A n.2.

[14] *See United States v. Smith*, 822 F.3d 755, 765–66 (5th Cir. 2016) (per curiam).

[15] *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017) (per curiam) ("A sentence within the Guidelines range is presumptively reasonable, and this presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors.").