# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2021

Lyle W. Cayce
Clerk

No. 20-10708
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICKY CARDENAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-368-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Ricky Cardenas pleaded guilty to possession with intent to distribute methamphetamine. The presentence report (PSR) held Cardenas responsible for 1,167 kilograms of converted drug weight. Cardenas objected to this amount because some of the methamphetamine was for his personal

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

use.  The district court overruled Cardenas's objection to the drug quantity calculation, rejected his request for a downward variance, and sentenced him to 165 months in prison.

Cardenas argues that the district court erred in calculating the drug quantity attributable to him.  He does not challenge the factual finding that he possessed 1,167 kilograms of converted drug weight but argues that there was not sufficient evidence to show that he intended to distribute more than 1,000 kilograms of converted drug weight.  We review the district court's factual finding on drug quantity for clear error.  *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Contrary to Cardenas's argument, 1,167 kilograms of combined drug weight, supported by the facts in the PSR, shows that he possessed the methamphetamine with the intent to distribute it.  *See United States v. Rains*, 615 F.3d 589, 594 (5th Cir. 2010); *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).  Cardenas does not present any evidence of his actual drug use but simply speculates as to the amount of daily drug usage.  This is not sufficient to show that the PSR's information is "materially untrue, inaccurate, or unreliable."  *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).  Considering the record as a whole, the district court's factual finding that Cardenas possessed with the intent to distribute between 1,000 and 3,000 kilograms of converted drug weight is plausible and not clearly erroneous.  *See Betancourt*, 422 F.3d at 246.

Cardenas requested credit for time served in federal custody prior to his sentencing.  The district court stated that it thought that the credit for time served would be granted and granted Cardenas's request to include the matter in the judgment, which the district court did.  There is nothing in the record to suggest that the district court would have lowered Cardenas's

No. 20-10708

sentence had it known that the recommendation for credit for time served was not mandatory. In *United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020), we noted that district courts are not permitted to compute sentence credit, that a request for such credit was inviting error, and that any such error would be reversed only if it resulted in manifest injustice. In this case, there is no uncertainty in the district court's intent, and Cardenas has failed to demonstrate entitlement to a limited remand under *Taylor*.

AFFIRMED.