# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 22-60011
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Landon Marquale Dupree,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-261-1

---

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Landon Marquale Dupree, federal prisoner # 21877-043, was convicted in 2021 of possession with intent to distribute five grams or more of methamphetamine and was sentenced to 189 months of imprisonment followed by eight years of supervised release. He now appeals the district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60011

court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which he argued was warranted based on his health risks in light of the COVID-19 pandemic.

Section 3582(c)(1)(A)(i) allows a district court to reduce a defendant's term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds a reduction to be consistent with applicable policy statements from the Sentencing Commission and justified by "extraordinary and compelling reasons." § 3582(c)(1)(A)(i). In this case, the district court concluded that even if Dupree's health conditions constituted extraordinary and compelling reasons for a sentence reduction, the § 3553(a) factors did not warrant a reduction because he had been convicted of a serious drug crime and disregarded the safety of the public and law enforcement "when he ran stop signs and forced drivers to leave the roadway." The district court also reasoned that Dupree had a prior conviction for drug distribution and other crimes over the years.

The presentence report was based on police reports and officer statements and supports the district court's findings; Dupree did not rebut these facts or demonstrate their unreliability. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). Although the district court found that Dupree caused cars to leave the road, whereas the PSR stated that he nearly caused cars to leave the road, Dupree has not demonstrated clear error in the finding that he "disregarded the safety of law enforcement and the public" when he fled police at a high rate of speed, ran several stop signs, and endangered nearby motorists and pedestrians. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The district court, after considering the § 3553(a) factors in determining whether relief was warranted and determining that a sentence

reduction would be inconsistent with those factors, did not abuse its discretion by denying Dupree's motion for compassionate release. *See id.* Dupree's implicit disagreement with the district court's weighing of the § 3553(a) factors is not sufficient to show an abuse of discretion. *See id.*

The district court's judgment is AFFIRMED.