# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-30280
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Henry Butler, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CR-104-1

_____

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

John Henry Butler, Jr., appeals the 240-month within-guidelines sentence imposed by the district court following his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He argues that the district court erred in imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) based on its finding that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

he was a leader or organizer of an offense that involved five or more participants or was otherwise extensive. According to Butler, there was insufficient evidence in the factual basis and the case agent's testimony at the sentencing hearing to support the enhancement.

We review the finding of an aggravating role for clear error. *United States v. Anguiano*, 27 F.4th 1070, 1074-75 (5th Cir. 2022). "A factual finding that is plausible based on the record as a whole is not clearly erroneous." *Id.* at 1073 (internal quotation marks and citation omitted).

Here, the factual recitation in the PSR, which was based on the stipulated factual basis and the investigative materials, "bears sufficient indicia of reliability." *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013) (internal quotations marks and citation omitted). Butler therefore was required to present evidence demonstrating "that the information is materially untrue, inaccurate or unreliable." *Id.* (internal quotations marks and citation omitted); *see also United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Butler failed to do so at sentencing, and the district court was entitled to rely on the facts in the PSR. *See Zuniga*, 720 F.3d at 591; *Harris*, 702 F.3d at 230.

The record contains sufficient information to support the four-level enhancement for Butler's leadership role, including information in the PSR, the factual basis, and the agent's testimony concerning the investigation, surveillance, and intercepted telephone calls. *See United States v. Romans*, 823 F.3d 299, 322 (5th Cir. 2016); *United States v. Haines*, 803 F.3d 713, 743-44 (5th Cir. 2015); § 3B1.1, comment. (n.4). In particular, the record established that Butler was a source of supply of methamphetamine, hydrocodone, and fentanyl in the Monroe, Louisiana area; he dealt directly with upstream suppliers; he gave instructions to others concerning where to pick up and drop off the drugs; and others frequently contacted Butler

concerning previous drug sales and obtaining more drugs for future sales. Moreover, Butler was involved in setting prices and ensuring drug quality; large amounts of drug proceeds were wired to him on a weekly basis; and he was arrested in possession of a large amount of currency in small denominations, which he later admitted was drug proceeds. The record was also sufficient to establish that the offense involved five or more participants or was otherwise extensive. *See* § 3B1.1(a). The district court's finding that Butler was a leader or organizer of the drug conspiracy involving five or more participants was not clearly erroneous because it was plausible in view of the record as a whole. *See Anguiano*, 27 F.4th at 1073.

AFFIRMED.