# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50067
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cesar Rodarte,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-734-2

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Cesar Rodarte appeals his 151-month within-guidelines sentence for his conviction of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He challenges the district court's calculation of his base offense level, specifically the drug-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

quantity calculation attributed as relevant conduct, as well as the imposition of a two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c).

We review the interpretation of the Guidelines de novo and factual findings in sentencing for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). Relevant conduct determinations and the basis for aggravating role enhancements are both factual findings reviewed for clear error. *Id.* at 281-82; *see United States v. Kelley*, 140 F.3d 596, 609 (5th Cir. 1998).

Factual findings may be based on any information with "sufficient indicia of reliability[,]" and they will not be clearly erroneous so long as they are "plausible based on the record as a whole." *Ochoa-Gomez*, 777 F.3d at 281-82 (internal citations and quotation marks omitted). Courts may rely on a presentence report (PSR) with sufficient indicia of reliability in making factual findings unless the defendant can provide rebuttal evidence or otherwise demonstrate the information is materially unreliable. *United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012).

Here, the revised PSR and Addendum sufficiently establish that the full 16.544 kilograms of cocaine were attributable to Rodarte as relevant conduct. *See United States v. Hinojosa*, 749 F.3d 407, 414-15 (5th Cir. 2014). Rodarte's objection to the dates of the wire intercepts used to determine his role in the conspiracy was resolved by corrections to the PSR in the Addendum. Rodarte has not presented rebuttal evidence or otherwise demonstrated material unreliability of the information. *See Harris*, 702 F.3d at 230-31.

The record also sufficiently establishes that Rodarte was at least a manager or supervisor, warranting the two-level aggravating role enhancement. *See* § 3B1.1(c). Rodarte provided and recruited contacts and suppliers, assisted with obtaining cocaine, networked with others, distributed

No. 24-50067

cocaine, sold and cut cocaine, and otherwise acted as the right-hand man to the organization's purported leader, all of which evidence his managerial or supervisory role.  *See, e.g.*, *United States v. Nava*, 624 F.3d 226, 233 (5th Cir. 2010); *United States v. Guzman-Reyes*, 853 F.3d 260, 265 (5th Cir. 2017).

The judgment of the district court is AFFIRMED.