# United States Court of Appeals for the Fifth Circuit

_____

No. 24-40524
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Enrique Moctezuma-Acosta,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-312-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Luis Enrique Moctezuma-Acosta appeals the aggregate 240-month sentence imposed after his guilty plea convictions for conspiring to transport illegal aliens within the United States, conspiring to launder money, engaging in monetary transactions in property derived from unlawful activity (two counts), and being found in the United States after deportation.   He

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenges the two-level enhancement under U.S.S.G. § 2L1.1(b)(6) for reckless endangerment, the 10-level enhancement under § 2L1.1(b)(7)(D) for conduct resulting in the death of an alien, and the four-level enhancement under § 2L1.1(b)(4) for transporting unaccompanied minors.

The record reflects that the district court did not clearly err when it applied the § 2L1.1(b)(6) and § 2L1.1(b)(7)(D) enhancements. *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 211-12 (5th Cir. 2018). As to the reckless endangerment enhancement, the district court analyzed the specifics of the situation, as it was required to do, *see United States v. Mateo Garza*, 541 F.3d 290, 294-95 (5th Cir. 2008), and plausibly determined that the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury where Moctezuma-Acosta's guides led a group of aliens through the remote Texas brush in late July and early August without adequate food and water and abandoned three of them when they became ill, and that the guides' actions were reasonably foreseeable to Moctezuma-Acosta based on his leadership role in the vast alien smuggling organization. *See* U.S.S.G. § 1B1.3(a)(1)(B); *see also United States v. De Jesus-Ojeda*, 515 F.3d 434, 443 (5th Cir. 2008). As to the enhancement under § 2L1.1(b)(7)(D), the district court's finding that an alien died from dehydration while being guided through the brush with no food or water is plausible in light of the record as a whole and supports a finding that a but-for cause of the alien's death was the conditions encountered during the alien smuggling operation, rather than some other reason unrelated to Moctezuma-Acosta's relevant conduct. *See Ruiz-Hernandez*, 890 F.3d at 212-13. Given the dangerous conditions presented by the alien's journey through the Texas brush during hot summer months, his death was reasonably foreseeable to Moctezuma-Acosta since the defendant was a leader of the organization and was involved in the widespread coordinating and smuggling of thousands of aliens. *See De Jesus-Ojeda*, 515 F.3d at 441-

No. 24-40524

44. Relatedly, Moctezuma-Acosta cannot establish error, plain or otherwise, in connection with his arguments that the district court failed to make particularized relevant conduct findings regarding the application of these two enhancements. *See United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994).

Finally, the record reflects that the district court did not clearly err when it applied a four-level enhancement under § 2L1.1(b)(4) for the transportation of two unaccompanied minors as the unrebutted evidence in the presentence report substantiated the pertinent information. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

AFFIRMED.