# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2020

Lyle W. Cayce
Clerk

No. 20-50064
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SERGIO RIOS BALTAZAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-167-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Sergio Rios Baltazar appeals his 327-month sentence for possession of five or more grams of actual methamphetamine with intent to distribute. He challenges the district court's finding based on the presentence report (PSR) that the methamphetamine seized from him and admitted by him during a

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50064

post-arrest interview, totaling 31.06 kilograms, was actual methamphetamine rather than a mixture containing methamphetamine. The finding increased his base offense level from 36 to 38 under U.S.S.G. § 2D1.1(c) and enhanced the guidelines maximum prison term from 262 months to 327 months.

Because Rios Baltazar did not object on this ground in the district court, review is for plain error. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). He must show an error that is clear or obvious and that affects his substantial rights. *See id.* If he satisfies those three requirements, we should exercise our discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1905 (internal quotation marks and citation omitted).

There was no information in the PSR to support the finding. It did not describe any admission by Rios Baltazar that the relevant amounts were actual methamphetamine, discuss the substance's purity or concentration, or include laboratory results, which were pending. *See* U.S.S.G. § 2D1.1(c), comment. (n.(B)); *United States v. Koss*, 812 F.3d 460, 467-68 (5th Cir. 2016); *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019).

Nor was there support for the finding in the factual basis for Rios Baltazar's guilty plea. It referred to "20.1 grams of methamphetamine" found on his person and to his post-arrest statements that he was selling "methamphetamine" or "meth." It did not include an admission of the purity or concentration of the methamphetamine. *See* § 2D1.1(c), comment. (n.(B)); *Koss*, 812 F.3d at 468.

Finally, Rios Baltazar's guilty plea to possession with intent to distribute five or more grams of actual methamphetamine did not provide an adequate evidentiary basis for the PSR's assertion that the total drug quantity was actual methamphetamine. The type of controlled substance is not an element of the offense under § 841(a), *United States v. Patino-Prado*, 533 F.3d

2

304, 309 (5th Cir. 2008), and Rios Baltazar was not admonished of the meaning or significance of the term "actual" before he entered the plea.

For all of these reasons, the PSR's factual assertion that the drug quantity of 31.06 kilograms was actual methamphetamine did not have an adequate evidentiary basis with sufficient indicia of reliability to support its probable accuracy. *See United States v. Harris*, 702 F.3d 226, 230 & n.2 (5th Cir. 2012). The district court's reliance on it at sentencing was an error that was clear or obvious. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). The error resulted in the application of an erroneously high guidelines range and affected Rios Baltazar's substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-47 (2016). We will exercise our discretion to correct it. *See Rosales-Mireles*, 138 S. Ct at 1907-08.

Rios Baltazar's sentence is VACATED, and the case is REMANDED for resentencing.