# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2021

Lyle W. Cayce
Clerk

No. 19-41064
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

James Roye Bryan Townzen,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1336-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

James Roye Bryan Townzen pleaded guilty without a plea agreement to conspiracy to possess with intent to distribute a synthetic cannabinoid and was sentenced to 222 months of imprisonment, three years of supervised release, and a $100 special assessment. He appeals the sentence imposed by

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-41064

the district court.  He argues the district court erred in determining the drug quantity applicable to him.  He asserted that his group was scheduled to receive 3.5 kilograms of the core chemical used to make synthetic marijuana and that this would have converted to a drug weight of 584.5 kilograms, resulting in a base offense level of 26.  In addition, he argues the district court erred in including the weight of the plant and other base material to the total drug quantity before converting it to its marijuana equivalence.  He further contends that even if the Government may add the seized finished product of 1,023 grams, the total converted drug weight would be less than 1,000 kilograms, resulting in a base offense level of 28.

Although Townzen objected to the drug quantity calculation in the district court, Townzen did not raise the specific arguments that he is now raising on appeal.  Because he is making arguments on appeal that are different from those he made in the district court, review is limited to plain error.  *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).  To prevail on plain error review, Townzen must identify (1) a forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies the first three requirements, this court may, in its discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

The district court considered the information in the PSR, as well as the evidence presented at the sentencing hearing by the Government.  The court determined that the ratio of 3.3 grams of the core chemical to 500 grams of finished product was reasonable.  It also determined that the 167:1 conversion ratio contained in the Guidelines was appropriate.  After considering the extensive evidence and the parties' arguments, the district court determined that a conservative estimate of the converted drug weight in the instant case was 10,000 to 30,000 kilograms, which established a base

offense level of 34.  Because Townzen merely objected to way the drug quantity was calculated and did not present any evidence to rebut the evidence in the PSR or the evidence presented at the sentencing hearing, he has not shown that the district court plainly erred in relying on this evidence or in making the drug quantity determination.  *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013); *see also United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).  Townzen has also failed to show that the district court plainly erred because it did not exclude the plant or base material from the drug quantity.  *See United States v. Koss*, 812 F.3d 460, 467-49 (5th Cir. 2016); *see also* U.S.S.G. § 2D1.1, comment. (n.1) & (Notes A, B, and G to Drug Quantity Table).  For these reasons, Townzen has not shown that the district court's drug quantity determination was error, plain or otherwise. *See Juarez*, 626 F.3d at 253-54; *United States v. Zuniga*, 720 F.3d 587, 590-91 (5th Cir. 2013).

Next, Townzen asserts that the sentence imposed by the district court was substantively unreasonable because the district court refused to consider a downward departure based on the weight of the raw chemicals.  After considering the PSR, the 18 U.S.C. § 3553(a) factors, the evidence presented at the sentencing hearing, and the parties' arguments, the district court determined that a below-guidelines sentence of 222 months was appropriate under the circumstances.  The sentence is entitled to a presumption of reasonableness.  *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).  Townzen has not rebutted the presumption as he has not shown the district court did not account for a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error in balancing the sentencing factors.  *See id.* at 558.  His disagreement with the district court's balancing of the sentencing factors is insufficient to rebut the presumption of reasonableness.  *See Koss*, 812 F.3d at 472; *see also United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  Therefore, Townzen has

No. 19-41064

not shown that the sentence imposed by the district court was substantively unreasonable. *See Simpson*, 796 F.3d at 558.

AFFIRMED.