# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2021

Lyle W. Cayce
Clerk

No. 20-30415
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANK JACKSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CR-164-5

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Frank Jackson appeals the concurrent 33-month, within guidelines-range sentences imposed upon his guilty pleas to mail fraud and conspiracy to commit mail fraud, contending that the district court committed procedural error by (1) applying a guidelines enhancement for being a leader

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of the conspiracy and (2) holding him accountable, as relevant conduct, for conspiracy proceeds accrued by other members during several January 2017 trips to Louisiana in which he did not personally take part. Jackson concedes that the district court's relevant conduct finding did not affect his guidelines range but avers that it increased the amount of restitution he owes.

The district court did not clearly err by finding Jackson to be an "organizer, leader, manager, or supervisor" of the conspiracy. U.S.S.G. § 3B1.1(c); *see United States v. Ochoa-Gomez*, 777 F.3d 278, 281-82 (5th Cir. 2015). Jackson's sole argument is that the court erroneously found that he recruited a young woman, NH, into the conspiracy. *See* § 3B1.1, comment. (n.4). However, the court was entitled to rely on presentence report (PSR)'s assertions that Jackson did in fact recruit NH as well as statements to that effect by other co-conspirators. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Jackson did not object that the PSR lacked sufficient indicia of reliability to support that finding and did not present any evidence rebutting the PSR facts. *See id.*; *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). In any event, Jackson admitted that he helped recruit another young woman, BB, into the conspiracy. He further admitted that he taught HN how to conduct the fraudulent scheme. These facts support the application of § 3B1.1(c). *See United States v. Posada-Rios*, 158 F.3d 832, 881 (5th Cir. 1998).

Nor did the district court clearly err in its attributable loss finding and attendant restitution award. *See United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999); *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006). The record supports a plausible finding that conspiracy members' January 2017 conduct, including the victims' fraud-induced losses, was reasonably foreseeable to Jackson. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010); U.S.S.G. § 1B1.3(a)(1)(B). Jackson was a leader of the conspiracy, whose members made frequent trips to Louisiana from

No. 20-30415

December of 2016 through February of 2017. Jackson himself made a number of trips to Louisiana in January and February in furtherance of the conspiracy aims. Jackson also recruited and trained NH, who took part in the January 2017 trips at issue. Accordingly, there is no error in the district court's restitution award. *See United States v. Ismoila*, 100 F.3d 380, 398 (5th Cir. 1996).

The judgment is AFFIRMED.