# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 6, 2021

Lyle W. Cayce
Clerk

No. 20-40853

United States of America,

*Plaintiff—Appellee*,

*versus*

Eli Espinoza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-876-1

Before Owen, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.
Per Curiam:*

A federal grand jury indicted Eli Espinoza for smuggling goods from the United States in violation of 18 U.S.C. §§ 554(a) and 2. Pursuant to United States Sentencing Guidelines § 2M5.2(a)(1), the district court applied a base offense level of 26 and, after making certain adjustments, sentenced him to 63 months' imprisonment. It further imposed a three-year

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40853

term of supervised release and a $100 special assessment. Espinoza challenges his sentence on the ground that the district court erred in declining to apply the lower base offense level of 14 under § 2M5.2(a)(2)(A). Because we conclude that the district court did not reversibly err, we AFFIRM.

## I.     FACTS AND PROCEEDINGS

On April 30, 2020, Espinoza applied for outbound inspection into Mexico at the Hidalgo, Texas Port of Entry. Immigration officials questioned him, and after he denied having contraband, they referred him for secondary inspection of his vehicle. Espinoza fled, and immigration officials pursued. Shortly thereafter, Espinoza was arrested, and a search of his vehicle revealed five packages containing firearm components, which included the following:

- Front trunnion
- AK Bolt Body
- Gas Piston
- Upper Hand Guard and Gas Tube
- Rear Sight Block
- Recoil Spring with Recoil Spring Rear Guide
- Dust Cover
- Trigger for Semi-Automatic Rifle
- Bolt Carrier Assembly
- Bolt Catch

On May 28, 2020, a federal grand jury charged Espinoza, by single-count indictment, with:

[F]raudulently and knowingly export[ing] and send[ing] from the United States, or attempt[ing] to export and send from the United States to the United Mexican States, any merchandise,

article, or object, to wit: firearms components to include, front trunnion, AK bolt body, upper hand guard and ga[s] tube, rear sight block, recoil spring with recoil spring rear guide, dust cover, trigger for semi-automatic rifle, bolt carrier assembly, and bolt catch, without a license or written approval from the United States Department of Commerce, as required by Title 50, United States Code, Sections 4819 and Title 15, Code of Federal Regulations, Sections 730-744[,] [i]n violation of Title 18, United States Code, Sections 554(a) and 2.

The indictment also included a forfeiture notice, specifying that upon conviction, Espinoza would forfeit the firearm components found in his vehicle.

Espinoza pleaded guilty on September 17, 2020. That same day, the district court ordered the probation officer to prepare a presentence report ("PSR") to assist it with Espinoza's sentencing. In the PSR, the probation officer determined that § 2M5.2(a) supplies the base offense level for violations of 18 U.S.C. §§ 554(a) and 2 and recommended a base offense level of 26. With criminal history category II, and after an upward adjustment for reckless endangerment and a downward adjustment for acceptance of responsibility, this corresponded to a total offense level of 26 and a recommended Guidelines range of 70–87 months.

Espinoza filed written objections to the PSR. He argued that, under § 2M5.2(a)(2)(A), the lower base offense level of 14 should apply because his offense involved only non-fully automatic small arms, and the number of weapons did not exceed two. The crux of his argument was that the component parts the Government found in his vehicle were sufficient, at most, for *one* fully assembled, non-fully automatic firearm. In response, the probation officer filed an addendum to the PSR, in which he reiterated that

the base offense level of 26 was proper due to the case agent's statement that the firearms components found in Espinoza's vehicle were capable of comprising around four to five fully assembled firearms.

At his sentencing hearing, Espinoza renewed his objections. The district court overruled his objections and adopted the PSR. Based on a total offense level of 25 and criminal history category II, the district court sentenced Espinoza to 63 months' imprisonment. It further imposed a three-year term of supervised release and a $100 special assessment. Espinoza timely appealed.

## II. STANDARD OF REVIEW

"Where a defendant preserves error by objecting at sentencing, we review the sentencing court's factual findings for clear error and its interpretation or application of the Sentencing Guidelines de novo." *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015); *see also United States v. Hernandez*, 876 F.3d 161, 164 (5th Cir. 2017) (per curiam). "There is no clear error where the district court's finding is plausible in light of the record as a whole." *United States v. Rico*, 864 F.3d 381, 383 (5th Cir. 2017).

## III. DISCUSSION

Espinoza argues that the district court reversibly erred by applying a base offense level of 26 because the facts in the PSR show that the firearm components found in his vehicle are insufficient to comprise more than one fully assembled firearm. For the following reasons, we find no reversible error.

### A.

"When making factual findings for sentencing purposes, a district court 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Zuniga*, 720

F.3d 587, 590–91 (5th Cir. 2013) (per curiam) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012)). "Generally, a PSR 'bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations.'" *Harris*, 702 F.3d at 230 (quoting *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)).

The district court adopted the PSR. In so doing, it implicitly made the factual finding that the information contained in the PSR was sufficiently reliable. *United States v. Peterson*, 977 F.3d 381, 396 (5th Cir. 2020) ("A district court's reliance on a PSR is based on a finding of fact that the PSR's information contains indicia of reliability."). And we will disturb that factual finding only if "a review of the record results in a 'definite and firm conviction that a mistake has been committed.'" *Zuniga*, 720 F.3d at 590 (quoting *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (per curiam)).

After carefully reviewing the record, we cannot say with a definite and firm conviction that the district court made a mistake. The information contained in the PSR was the result of several months of investigation into Espinoza's illegal activities. During that time, Homeland Security Investigations ("HSI") agents surveilled Espinoza and obtained confidential information about his smuggling operation, including the dates he typically met with his suppliers, his pick-up locations, the dates he made trips into Mexico, and even the compartment of his vehicle in which he stored contraband. The HSI agents' investigation of Espinoza was thorough and based on reliable information, and Espinoza does not dispute that.

What Espinoza does dispute is the reliability of a single statement from the PSR: the case agent's statement that the firearm components found in his vehicle were sufficient to comprise four to five fully assembled firearms. But at this stage of the analysis, in which we evaluate the reliability

No. 20-40853

and factual basis of the information contained in the PSR, we have no reason to doubt the veracity of a statement made by a trained HSI agent familiar with the case—particularly one set forth in a PSR that is otherwise reliable in every respect.

To be sure, "[b]ald, conclusionary statements" in a PSR do not bear sufficient indicia of reliability, and it is error for a district court to consider them. *Harris*, 702 F.3d at 230 n.2 (quoting *United States v. Elwood*, 999 F.2d 814, 817–18 (5th Cir. 1993)). And "mere inclusion in the PSR does not convert facts lacking an adequate evidentiary basis . . . into facts a district court may rely upon at sentencing." *Id.* But these are not those kinds of facts. Viewing the record as a whole, we are satisfied that the information contained in the PSR—which was based on a review of months of investigative material and at least one interview with the case agent—is reliable and supported by adequate evidence.

## B.

Because the PSR bore sufficient indicia of reliability, the burden shifts to Espinoza to offer rebuttal evidence demonstrating that the PSR contained "materially untrue, inaccurate[,] or unreliable" information. *Id.* at 230 (quoting *United States v. Huerta*, 182 F.3d 361, 364–65 (5th Cir. 1999)). But he did not do so. In his written objections to the PSR, Espinoza stated:

> In the instant case, there were a number of component parts. However, it would appear that they would have been sufficient, at most, for one fully-assembled non-fully automatic firearm. For these reasons, Mr. Espinoza urges that the weapon at issue (fully assembled) would fall under U.S.S.G. § 2M5.2(a)(2)(A), and as such, a base offense level of 14 is appropriate. . . . In the event the Court overrules Mr. Espinoza's objection to the base offense level, he would urge the Court to consider that the

item(s) in question did not amount to a weapon that was fully operational.    Two fully-loaded fully-operational non-fully automatic rifles would trigger a base offense level of 14.

And later, at his sentencing hearing, Espinoza renewed his objection to the base offense level.  His counsel argued as follows:

> Now, I looked at the items that we're talking about, these component parts; and although I'm no gun expert or anything like that, you know, I know the agent may have said that that was enough to put together three or four firearms. I know it's always dangerous when lawyers try to do math. I don't think the numbers add up.

But this is hardly rebuttal *evidence*.  Rebuttal evidence must consist of more than a defendant's objection and argumentation; "[m]ere objections to . . . supported facts are generally insufficient."  *Id.* (citing *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010)).  Espinoza did not offer any evidence to support his written objections or his objections at the sentencing hearing.  And his failure to do so is especially puzzling given the fact that evidence of the precise number of firearm components he was smuggling, and testimony regarding how many firearms those components could conceivably comprise, strikes the court as the *very kind* of evidence he should be able to present.  Indeed, it was in his best interest to do so.  But he did not.

Due to the lack of testimony or evidence rebutting the case agent's statement, the district court was entitled to adopt the PSR "without further inquiry or explanation."  *Rodriguez*, 602 F.3d at 363.

## C.

Espinoza asserts on appeal that, because the firearm components listed in the PSR appear in the singular, rather than the plural, there must

have been only one of each component found in his vehicle. This contention fails for two reasons. First, it is pure argumentation, which is not competent rebuttal evidence. *Harris*, 702 F.3d at 230 n.2. As previously discussed, Espinoza cannot rely on argumentation alone to carry his burden of providing evidence to rebut the information set forth in the PSR. *Id.*

Second, as the Government correctly observed, this contention is belied by the record. The HSI agent who arrested Espinoza testified in his affidavit that the search of Espinoza's vehicle led to the discovery of "multiple firearms components for a semi-automatic rifle, *including but not limited to*: bolt carrier assembles, bolt catches, rear pistol grips, and triggers." Likewise, the notice of forfeiture and the plea agreement both employed similar "includes, but is not limited to" language.

Espinoza counters that the PSR did not use this prefatory language when it listed the firearm components found in his vehicle. And, he continues, because the district court adopted the facts in the *PSR* and not from elsewhere in the record, the way the firearm components are listed in the PSR is determinative. But this argument is unpersuasive. The district court calculated Espinoza's sentence based on a review of the *whole* record, not just the PSR. The PSR is merely a tool to aid the district court in determining the facts relevant to sentencing; it is not bound by the PSR and the PSR alone. This argument is not a sufficient basis to find clear error.

## D.

Espinoza also relies on a diagram from an online gun website listing the various components of an AK-47 rifle. The diagram purports to show that a fully assembled AK-47 rifle has 63 components, only 10 of which were allegedly found in his vehicle and listed in the indictment and the PSR. Espinoza offered this illustration to show that the firearm components found

in his vehicle could not comprise a fully assembled firearm, let alone more than one.

The problem for Espinoza is that he did not present this diagram, or anything resembling it, to the district court. We will not consider factual evidence on appeal that Espinoza did not present to the district court, despite his ability to do so. *See, e.g.*, *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." (citing *Great Plains Equip., Inc. v. Koch Gathering Sys., Inc.*, 45 F.3d 962 (5th Cir. 1995))). As previously discussed, Espinoza had multiple opportunities, and the incentive, to present the district court with rebuttal evidence showing that the information contained in the PSR was "materially untrue, inaccurate[,] or unreliable." *Harris*, 702 F.3d at 230. But he did not. And we will not now consider evidence that the district court did not have the benefit of considering when calculating Espinoza's sentence. Whether and to what extent the diagram and the case agent's statement are in conflict is not for us to decide. Our review is limited to whether the district court, based on the information in the record, clearly erred in adopting the PSR. We conclude that it did not.

## IV.    CONCLUSION

The district court did not reversibly err by adopting the PSR and applying a base offense level of 26 under § 2M5.2(a)(1) rather than a base offense level of 14 under § 2M5.2(a)(2)(A).

The judgment is AFFIRMED.