# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

No. 21-51025
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FREDRICK BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-524-2

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:*

Fredrick Brown pleaded guilty to conspiracy to commit wire fraud and conspiracy to commit money laundering. He now appeals, challenging the district court's $2,331,639 restitution order, arguing that it exceeds the statutorily authorized amount. Such a challenge is not barred by Brown's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51025

appeal waiver. *See United States v. Kim*, 988 F.3d 803, 811 (5th Cir.), *cert. denied*, 142 S. Ct. 225 (2021).

The Mandatory Victims Restitution Act of 1996 (MVRA) limits the amount of restitution to the losses resulting directly and proximately from the offense of conviction. *See* 18 U.S.C. § 3663A(a)(2). Brown argues that the Government did not satisfy its burden to prove the amount of loss proximately caused to the victims of the offense as required by the MVRA, resulting in an illegal sentence. *See* 18 U.S.C. § 3664(e); *Kim*, 988 F.3d at 811.

The "Restitution Reference Sheet" incorporated by reference into the revised presentence report (PSR) outlined the amount of pecuniary loss suffered by specific victims as a result of Brown's offense, and the total amount of those losses corresponds precisely to the district court's total restitution award. That information is considered reliable, *see United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012), and the Government cited it in support of the restitution amount at sentencing. Brown presented no argument or evidence to rebut the reliability or accuracy of the PSR facts relating to restitution, and the district court was free to adopt them. *See United States v. Dickerson*, 909 F.3d 118, 129-30 (5th Cir. 2018); *Harris*, 702 F.3d at 230. In light of the foregoing, the restitution award did not illegally exceed the amount authorized under the MVRA, *see* § 3663A(a)(2); *United States v. Sharma*, 703 F.3d 318, 322-23 (5th Cir. 2012), and the judgment of the district court is AFFIRMED.