# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 21-51249
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Randy Dwain Ross,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-255-1

―――――――――――――――――――――――――

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Randy Dwain Ross pleaded guilty of being a felon in possession of a firearm. In this appeal, Ross challenges the four-level enhancement of his offense level under U.S.S.G. § 2K2.1(b)(6)(B) because he used or possessed a firearm or ammunition in connection with a drug trafficking offense. *See* § 2K2.1, comment. (n.14(B)(ii)).

――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-51249

Our review of the district court's application of the Sentencing Guidelines is de novo, and our review of the district court's factual findings is for clear error. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

Ross contends that the findings in the presentence report did not bear sufficient indicia of reliability to support the district court's reliance on them without additional corroborating evidence. He contends that the evidence did not show that he was involved in drug distribution or that the firearm facilitated drug distribution.

In general, a presentence report bears sufficient indicia of reliability to be considered as evidence by the sentencing court. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). In addition to the presentence report, the record in this case also includes a police detective's affidavit filed in support of the criminal complaint. *See United States v. Robins*, 978 F.2d 881, 892 (5th Cir. 1992).

Here, a firearm, ammunition, and items associated with firearms were found in close proximity to items that have been recognized by this court as associated with the drug trade. *See United States v. Mays*, 466 F.3d 335, 341 (5th Cir. 2006); *see also United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021); *Alcantar*, 733 F.3d at 146-47. The district court's finding that the firearm was possessed in connection with Ross's drug trafficking activity was plausible in light of the record as a whole and, therefore, was not clearly erroneous. *See Alcantar*, 733 F.3d at 146. The judgment is AFFIRMED.