# United States Court of Appeals for the Fifth Circuit

---

No. 23-10398
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Salazar-Grimaldo,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-636-1

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Juan Salazar-Grimaldo pleaded guilty to illegal reentry following prior removal. The district court sentenced him within the guidelines range to 37 months in prison. He appeals his sentence.

Salazar-Grimaldo contends that the district court erred by considering his prior arrest and indictment for aggravated assault with a deadly weapon

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to determine his sentence. He argues that the district court improperly relied on the description of the charge contained in the presentence report (PSR). He asserts that the description lacked sufficient indicia of reliability and was tantamount to a bare arrest record. Because he did not assert this issue in the district court, we apply plain error review. *See United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010).

"[O]ur precedent is clear that the consideration of the mere fact of a prior arrest is prohibited." *United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012); *see also United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011) ("[I]t is error for a district court to consider a defendant's 'bare arrest record' at sentencing."). However, the PSR here did not just note the fact of the arrest and indictment without further details. Rather, the description in the PSR gave details concerning the factual underpinnings of the charge and had corresponding information about the conduct that led to the arrest and indictment for aggravated assault with a deadly weapon; the PSR, *inter alia*, identified the alleged victim, included information about the underlying conduct, and set forth the reason why the case was dismissed. *See United States v. Reyna-Aragon*, 992 F.3d 381, 389-91 (5th Cir. 2021). Thus, there was an adequate evidentiary basis, and the PSR could be viewed as reliable because Salazar-Grimaldo did not present rebuttal evidence or show that the information in the PSR should not be credited. The district court therefore could adopt the information in the PSR and rely upon its description of the charge for sentencing purposes. *See id.* at 390; *Harris*, 702 F.3d at 230-31. Further, Salazar-Grimaldo has not shown that the district court's consideration of the PSR's description of the charge in conjunction with other factors—including, *inter alia*, his convictions, his illegal reentry, and the 18 U.S.C. § 3553 factors—affected his substantial rights. *See Reyna-Aragon*; 992 F.3d at 391.

No. 23-10398

Salazar-Grimaldo further challenges the constitutionality of 8 U.S.C. § 1326(b). He contends that § 1326(b) allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) to be imposed based on facts that are not alleged in the indictment or found by a jury beyond a reasonable doubt. He correctly concedes that his claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), and raises it only to preserve it for further review. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

The judgment of the district court is AFFIRMED.