# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-60459
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrago Gaston,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:22-CR-79-1

———————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Andrago Gaston pleaded guilty to a single count of possession with intent to distribute fentanyl. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him at the top of the applicable guidelines range to 188 months of imprisonment.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60459

On appeal, Gaston argues that the sentence imposed was unreasonable. Specifically, he argues that his presentence report (PSR) should not have included paragraphs describing other conduct that was not relevant conduct for the instant offense and that did not result in an arrest or charge. Gaston also argues that the district court relied too heavily on this information or gave it too much weight in selecting his sentence.

Because Gaston filed written objections to the inclusion of these paragraphs, reurged this objection at sentencing, requested a lesser sentence, and objected to the reasonableness of the sentence ultimately imposed, he preserved the issues for appeal. Therefore, we review the substantive reasonableness of his sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because the sentence imposed is within a properly calculated guidelines range, it is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). This presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

We conclude that there was no error in including these paragraphs in the PSR. *See* 18 U.S.C. § 3661; *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). We also note that, in response to his objections, the district court stated at sentencing that Gaston's sentence would be based upon his actual convictions. In light of the district court's statements, we conclude that Gaston has not shown that his sentence gave significant weight to an improper factor or that it represents a clear error of judgment in balancing the sentencing factors. *See Cooks*, 589 F.3d at 186. Thus, Gaston has not rebutted the presumption of reasonableness.

Accordingly, the district court's judgment is AFFIRMED.