# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 24-11008
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Selvin Edgardo Molina-Guzman,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-393-1

―――――――――――――――――――――――

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Selvin Edgardo Molina-Guzman pleaded guilty, without a written plea agreement, to illegally reentering the United States after a prior removal. The district court sentenced him within the Guidelines range to thirty months of imprisonment. He now appeals his sentence.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11008

Molina-Guzman contends that the district court procedurally erred at sentencing by failing to resolve disputed facts underlying a prior conviction in the presentence report (PSR) and relying on clearly erroneous facts. We review a district court's factual findings for clear error, *see United States v. Valencia*, 44 F.3d 269, 272 (5th Cir. 1995), and compliance with Federal Rule of Criminal Procedure 32's factfinding requirements de novo, *see United States v. Myers*, 150 F.3d 459, 465 (5th Cir. 1998). As Molina-Guzman has shown no error under these standards, we need not decide whether review should be limited to plain error.

"Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). And when the defendant fails to present rebuttal evidence, the district court is "free to adopt the PSR's findings without further inquiry or explanation." *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010); *see also United States v. Charroux*, 3 F.3d 827, 836 (5th Cir. 1993) (noting that a court may implicitly resolve disputed facts by adopting the PSR).

Molina-Guzman did not present any evidence rebutting the facts in the PSR regarding his prior conviction or otherwise show that the PSR lacked sufficient indicia of reliability. He offered only speculation regarding the seriousness of the prior offense. Thus, he has not shown that the district court committed error under any standard.

AFFIRMED.